[No. A019356. First Dist., Div. Three. July 24, 1984.]

BARBARA CARR et al., Plaintiffs and Appellants, v.
DONALD E. WARDEN et al., Defendants and Respondents.

**COUNSEL**

Paul M. St. John and James A. Klinker for Plaintiffs and Appellants.

Stephen V. Bomse, Katherine H. Crocker, Heller, Ehrman, White & McAuliffe, Margaret C. Crosby, Alan L. Schlosser, Amitai Schwarz, Susan M. Schectman and Hal J. Bohner for Defendants and Respondents.

**OPINION**

**SCOTT, Acting P. J.**—This is a defamation action. Appellants, six former members of the Pacifica Planning Commission, appeal from a judgment of dismissal entered pursuant to an order sustaining respondents' demurrers without leave to amend. We affirm.

For purposes of this appeal, those factual allegations of the complaint which are properly pleaded are deemed admitted by respondents' demurrers. (*White* v. *Davis* (1975) 13 Cal.3d 757, 765 [120 Cal.Rptr. 94, 533 P.2d 222].) According to the complaint, in or about April 1981, there was considerable debate among the public in Pacifica regarding the course of residential development in that city. On opposing sides of this controversy were the Pacifica City Council and Planning Commission, and respondent Friends of Pacifica (Friends), an unincorporated association. Respondent Donald E. Warden was the chairman of Friends. Friends prepared and distributed pamphlets attacking a proposed new zoning ordinance as environmentally insensitive and the result of poor planning. Thereafter, respondent Friends sponsored a municipal initiative to limit residential construction in Pacifica for 10 years. In or about August 1981, a member of the Pacifica City Council challenged respondent Warden to a debate on the effect of the proposed initiative. In an interview with a newspaper reporter, Warden accepted the challenged debate, and made the following statement, subsequently reported and published in the August 12, 1981, edition of the Pacifica Tribune: "I think someone is being bought on the Planning Commission, otherwise, how could you explain a 3-3 vote at one meeting on an issue and then at the very next meeting, a 6-1 vote?" On or about August 18, 1981, respondent Warden told a news reporter for the Pacific Tribune, "I don't have any evidence at this moment" to substantiate the earlier reported statement. According to the complaint, respondent's maliciousness in making the allegedly defamatory statement is shown by the fact that some months before, on or about April 6, 1981, respondent Warden "physically confronted [appellant Donna] Starr and harassed and intimidated her by stating, '. . . you're on my list; I'm going to get you', stating that he was going to find out who was paying her off and expose her as a crook, and stating that he would 'fix it so [appellant Starr] could not walk down the street in this town [Pacifica].'"

Appellants brought suit against respondents seeking general and punitive damages on grounds of defamation, and respondents demurred. After a hearing, the court issued the following memorandum of decision: "Both demurrers are sustained without leave. Although concededly a close question, the Court remains convinced that the language used by the Defendant

Warden was an unactionable statement of opinion as a matter of law." Judgment was entered accordingly.

We agree with the court below. Both the context in which the statement was made and the words used support the conclusion that the controverted statement was an expression of opinion rather than of fact, and thus not actionable.

■ An essential element of defamation is that the publication in question must contain a false statement of *fact.* (*Gregory* v. *McDonnell Douglas Corp.* (1976) 17 Cal.3d 596, 600 [131 Cal.Rptr. 641, 552 P.2d 425].) "Under the First Amendment there is no such thing as a false idea. However pernicious an opinion may seem, we depend for its correction not on the conscience of judges and juries but on the competition of other ideas." (*Gertz* v. *Robert Welch, Inc.* (1974) 418 U.S. 323, 339-340, fn. omitted [41 L.Ed.2d 789, 805, 94 S.Ct. 2997].) ■ As stated by the California Supreme Court, "The critical determination of whether the allegedly defamatory statement constitutes fact or opinion is a question of law. [Citations.] The distinction frequently is a difficult one, and what constitutes a statement of fact in one context may be treated as a statement of opinion in another, in light of the nature and content of the communication taken as a whole. Thus, where potentially defamatory statements are published in a public debate, a heated labor dispute, or in another setting in which the audience may anticipate efforts by the parties to persuade others to their positions by use of epithets, fiery rhetoric or hyperbole, language which generally might be considered as statements of fact may well assume the character of statements of opinion." (*Gregory* v. *McDonnell Douglas Corp., supra,* 17 Cal.3d at p. 601.)

Thus, in *Gregory,* the Supreme Court affirmed a judgment sustaining a demurrer in a libel action where the disputed statements suggested that the plaintiffs, the president and vice-president of a labor union, had acted against the interests of union members in order to further their own personal and political interests. The court found that the statements were "not of a factual nature." (*Id.,* at p. 603.) In *Greenbelt Pub. Assn.* v. *Bresler* (1970) 398 U.S. 6 [26 L.Ed.2d 6, 90 S.Ct. 1537], the United States Supreme Court held that the use of the word "blackmail" in the context of a heated public controversy over land-use and zoning was not defamatory. Similarily in *Scott* v. *McDonnell Douglas Corp.* (1974) 37 Cal.App.3d 277 [112 Cal.Rptr. 609], the court concluded that it was merely an expression of opinion and therefore not defamatory for a city councilman to write that a city manager would " 'stoop to any form of action in [his] power to . . . stay in office' "; that his administration of City affairs was " 'mutinous' "; and that " '[t]he people of Santa Monica are not so fortunate' " to have " 'a

City Manager who is dedicated to efficiently and honestly administer the affairs of the City . . . .' " (*Id.,* at pp. 283-284.)

The statement at issue in the instant case clearly represented the same kind of expression of opinion in the form of the kind of charge typically generated in the heat of a political controversy. As the United States Supreme Court noted in *New York Times Co.* v. *Sullivan* (1964) 376 U.S. 254 [11 L.Ed.2d 686, 84 S.Ct. 710, 95 A.L.R.2d 1412], in characterizing "[t]he climate in which public officials operate, especially during a political campaign. . . : 'Charges of gross incompetence, disregard of the public interest, communist sympathies, and the like usually have filled the air; and hints of bribery, embezzlement, and other criminal conduct are not infrequent.' [Citation.]" (*Id.,* at p. 273, fn. 14 [11 L.Ed.2d at p. 702].)

■ Appellants contend, however, that the statement in this case is not protected as an "opinion" within the First Amendment because it was an accusation of criminal conduct or personal dishonesty. Although false charges that an individual has committed a crime or is personally dishonest are not protected by the First Amendment (*Gregory* v. *McDonnell Douglas Corp., supra,* 17 Cal.3d at p. 604), statements of opinion, no matter how outrageous or pernicious, *are* protected. (*Id.,* at pp. 600-601; *Gertz* v. *Robert Welch, Inc., supra,* 418 U.S. at pp. 339-340 [41 L.Ed.2d at p. 805].) The key distinction remains that between a statement of fact versus an expression of opinion. In this case, Warden's statement was expressly based on a specific, undisputed fact: the change in the pattern of voting on the planning commission from one meeting to the next. " '[A] statement in the form of an opinion . . . is actionable only if it implies the allegation of *undisclosed* defamatory facts as the basis for the opinion . . . .' " (*Okun* v. *Superior Court* (1981) 29 Cal.3d 442, 451-452 [175 Cal.Rptr. 157, 629 P.2d 1369] [italics added].) Here, the statement did not imply that there were any undisclosed defamatory facts which formed the basis of the statement. To the contrary, respondent Warden's apparent aim was to disclose the precise facts on which his opinion was based. Rather than implying unstated facts, Warden's reported statement appears " 'cautiously phrased in terms of apparency.' " (*Id.,* at p. 452; *Gregory* v. *McDonnell Douglas Corp., supra,* 17 Cal.3d at p. 603.)

We conclude that the alleged statement was a statement of opinion and therefore not defamatory as a matter of law. The court properly sustained respondents' demurrers without leave to amend. (*Berkeley Police Assn.* v. *City of Berkeley* (1977) 76 Cal.App.3d 931, 942-943 [143 Cal.Rptr. 255].) In view of this result, we need not consider the issues of privilege and joinder of respondent Friends.

The judgment is affirmed.

Barry-Deal, J., and Anderson, J., concurred.