[No. G000374. Fourth Dist., Div. Three. Dec. 27, 1984.]

STATE FARM FIRE AND CASUALTY COMPANY, Plaintiff and
Appellant, v.
COOPERATIVE OF AMERICAN PHYSICIANS, INC., et al.,
Defendants and Respondents.

COUNSEL

Portigal, Hammerton & Allen and Michael A. Portigal for Plaintiff and Appellant.

Contos & Bunch and John R. Contos for Defendants and Respondents.

OPINION

**CROSBY, J.**—A premises liability insurer settled a personal injury action on behalf of its insureds and then filed a separate action against the insureds' medical malpractice carrier for declaratory relief and subrogation. The court sustained the defendants' demurrer without leave to amend, and the plaintiff appeals.[1]

---

[1]State Farm purports to appeal from the order sustaining the demurrer without leave to amend. Nevertheless, we treat the appeal as one taken from the judgment of dismissal which should have been entered after the court's ruling. (*Federer* v. *County of Sacramento* (1983) 141 Cal.App.3d 184, 185 [190 Cal.Rptr. 187].) For the purposes of this appeal, the factual allegations of the complaint are accepted as true. (*Carr* v. *Warden* (1984) 159 Cal.App.3d 1166 [206 Cal.Rptr. 162].)

## I

On June 6, 1979, 86-year-old Doris Smith fell as she attempted to alight from an examination table after receiving an injection from Dr. Lance J. Wrobel. She sued Wrobel and his professional corporation, Mission Viejo Orthopedic Group, Inc., on both malpractice and premises liability causes of action.

At the time of the accident, the group and its physicians were insured for premises liability by State Farm Fire and Casualty Company (State Farm) and for professional liability by the Cooperative of American Physicians, Inc. (Cooperative) and Mutual Protection Trust (Mutual). The State Farm policy expressly excluded coverage for medical malpractice claims.

Both insurers defended, although each sought to shift responsibility to the other. State Farm determined settlement was in the best interests of the insureds and settled with Smith before trial for $25,000. Cooperative and Mutual refused to contribute to the settlement or submit the coverage question to arbitration, however. No declaratory relief action was filed before the settlement.

State Farm then sued Cooperative and Mutual for a declaration of coverage for the Smith claim and reimbursement of the settlement amount, but not the costs of defense. Defendants demurred, arguing subrogation was not available because the carriers were not coinsurers, the insured risks were not identical, and State Farm was a volunteer in the settlement. Additionally, Cooperative and Mutual contended State Farm's failure to pursue a declaratory relief action before settlement precluded the postsettlement action for equitable subrogation and the settlement interfered with their right to negotiate directly with the plaintiff in the underlying tort action and to have a jury trial. The demurrer to the second amended complaint was sustained without leave to amend, and State Farm appealed.

## II

We quickly reject the notion State Farm was a volunteer in settling the Smith action. A volunteer has been defined as " 'a stranger or intermeddler who has no interest to protect and is under no legal or moral obligation to pay under the circumstances.' " (*Smith* v. *Travelers Indemnity Co.* (1973) 32 Cal.App.3d 1010, 1018 [108 Cal.Rptr. 643], quoting *Massachusetts Bonding & Ins. Co.* v. *Car & Gen. Ins. Corp.* (E.D.Pa. 1957) 152 F.Supp. 477, 482.) That was certainly not State Farm's position in the underlying tort action.

Based on the allegations of the complaint, both the premises liability carrier and the malpractice insurers were obligated to defend the insureds. Absent a final judgment of noncoverage as to any of the policies, all insurers were also under a duty to settle once liability of the insureds became reasonably clear. (See, e.g., Ins. Code, § 790.03, subd. (h); *Royal Globe Ins. Co.* v. *Superior Court* (1979) 23 Cal.3d 880 [153 Cal.Rptr. 842, 592 P.2d 329].) And failure of the insurers to settle under those circumstances might well have exposed them to bad faith claims by the insureds. (*Ibid.*; see also *Betts* v. *Allstate Ins. Co.* (1984) 154 Cal.App.3d 688, 706 [201 Cal.Rptr. 528].) Thus, the ruling is not defensible on the basis State Farm was a volunteer.

### III

■ Nor are we impressed with the arguments of Cooperative and Mutual that equitable subrogation is available only in the case of double insurance, i.e., where both the insured and the risks covered are identical in each policy. Defendants' reliance on Insurance Code sections 590 and 591 is inapt. Those sections merely describe the method of proration where double insurance exists under fire or marine policies.

Rather, the situation here is analogous to *Aetna Casualty & Surety Co.* v. *Safeco Ins. Co.* (1980) 103 Cal.App.3d 694 [163 Cal.Rptr. 219] and those cases involving disputes between carriers insuring the same policyholder, but for different interests. The issue in *Aetna* was whether one of two automobile liability policies or a homeowner's policy provided coverage for a shooting which occurred inside a parked vehicle. All three carriers contributed to the settlement, and the declaratory relief action was tried later on stipulated facts. The prevailing carrier obtained equitable subrogation from the other two. (See also *National Indemnity Co.* v. *Farmers Home Mutual Ins. Co.* (1979) 95 Cal.App.3d 102 [157 Cal.Rptr. 98], where the exclusion in the homeowner's policy for injuries " 'arising out of the . . . use, loading or unloading of any motor vehicle owned or operated by . . . the insured' " rendered the automobile liability carrier wholly responsible. (*Id.*, at p. 106.))

Thus, assuming its claim has merit for purposes of discussion, permitting State Farm to proceed with the action for equitable subrogation accords with the policy that an insurer should not benefit from a failure to fulfill its duties. ■ It has long been the rule in California that "no insurer which deliberately breaches its obligation to the insured should be permitted thereby to profit, whether at the expense of the insured, *or of an insurer which faithfully discharges its obligation.*" (*Continental Cas. Co.* v. *Zurich Ins. Co.*

(1961) 57 Cal.2d 27, 38 [17 Cal.Rptr. 12, 366 P.2d 455], italics added.) And the same principles apply when the dispute is between several insurers: The "respective obligations [of several insurers who have covered the same event] flow from equitable principles designed to accomplish ultimate justice in the bearing of a specific burden." (*American Auto. Ins. Co.* v. *Seaboard Surety Co.* (1957) 155 Cal.App.2d 192, 196 [318 P.2d 84], quoted with approval in *Hartford Accident & Indem. Co.* v. *Pacific Indem. Co.* (1967) 249 Cal.App.2d 432, 436 [57 Cal.Rptr. 492].)

■ Where an insurer has failed to defend the underlying tort action, the insured may settle with the personal injury plaintiff and then adjudicate the issue of coverage in a separate action. (*Walters* v. *American Ins. Co.* (1960) 185 Cal.App.2d 776, 785 [8 Cal.Rptr. 665]; *Ritchie* v. *Anchor Casualty Co.* (1955) 135 Cal.App.2d 245, 250 [286 P.2d 1000].) ■ The result should be no different here: State Farm fulfilled its legal obligation to defend and settle the third party claim on behalf of its—and Cooperative's and Mutual's—insureds. Having assumed the insureds' position by paying the claim, State Farm is no less entitled to adjudicate the factual merits of the coverage issue in a separate action.

### IV

■ Moreover, State Farm's "failure" to initiate a declaratory relief action before settlement is not a bar to relief by way of equitable subrogation. Code of Civil Procedure section 1062 provides, "The remedies provided by this chapter [declaratory relief] are cumulative, and shall not be construed as restricting any remedy, provisional or otherwise, provided by law for the benefit of any party to such action, and no judgment under this chapter shall preclude any party from obtaining additional relief based upon the same facts." *Employers etc. Ins. Co.* v. *Pac. Indem. Co.* (1959) 167 Cal.App.2d 369 [334 P.2d 658] is precisely on point: "Defendant contends that plaintiffs before making the payment should have brought an action in declaratory relief joining all of the insurance companies involved. Such remedy, however, is not exclusive [Code Civ. Proc., § 1062] . . . [and] defendant could litigate in this proceeding any question that could be raised in a declaratory relief proceeding and could have brought into this case the other insurance companies." (*Id.,* at p. 382.)

### V

■ Finally, defendants complain their position has been compromised because they no longer have the opportunity to negotiate directly with the plaintiff in the underlying tort action and they have lost the right to a jury

trial on the issue of liability. Cooperative and Mutual have no basis for complaint as to the former contention: Any loss of the opportunity to negotiate with Smith was the result of their denial of coverage, and State Farm cannot be held responsible for that decision.

Nor do we agree with the latter notion. ▉ Subrogation is an equitable doctrine, but one recognized at law. (*Employers etc. Ins. Co.* v. *Pac. Indem. Co., supra,* 167 Cal.App.2d at p. 376.) ▉ The equitable issue of State Farm's right to recover damages from Cooperative and Mutual does not arise until the legal issue—i.e., whether Smith's injuries were caused by negligent maintenance of the premises or medical malpractice—is determined in its favor. We know of no legal impediment to a jury trial of that preliminary question, and defendants offer none.

Judgment reversed. State Farm shall recover costs on appeal.

Trotter, P. J., and Sonenshine, J., concurred.