[No. B091492. Second Dist., Div. One. Oct. 10, 1997.]

MITCHELL, SILBERBERG & KNUPP, Plaintiff and Appellant, v. YOSEMITE INSURANCE COMPANY, Defendant and Respondent.

## COUNSEL

Mitchell, Silberberg & Knupp, David P. Schack, Jason Krischer and Patricia H. Benson for Plaintiff and Appellant.

Bronson, Bronson & McKinnon, Richard A. Ardoin, Robert W. Crockett and Kristina H. Chung for Defendant and Respondent.

## OPINION

**VOGEL (Miriam A.), J.**—Without reserving any rights against its insured, an excess liability insurer agreed to and did indemnify its insured by contributing to the settlement of a third party's action against the insured. The excess insurer then sued the insured's other insurers, claiming it was entitled to reimbursement for the entire amount of its contribution to the settlement. That lawsuit spawned yet another action (this one), a bad faith claim by the insured against its excess insurer in which the insured contends the excess insurer's failure to reserve its rights against the insured was a waiver of its right to deny its coverage obligation in its subsequent litigation with the other carriers. The insured is wrong.

FACTS[1]

In 1974, Yosemite Insurance Company issued an umbrella liability policy to Mitchell, Silberberg & Knupp (MSK), excess to and following the form of a policy issued by the Phoenix Insurance Company. In 1984, Home Insurance Company issued a professional liability policy to MSK. In 1989, Brian Wilson sued MSK, alleging professional negligence. MSK tendered defense of the Wilson action to (and demanded indemnity from) Home, Phoenix, and Yosemite. Without reservation, Phoenix agreed to provide a defense and to indemnify MSK. Also without reservation, Yosemite and Home agreed to indemnify MSK. On April 10, 1992, the Wilson action was settled, with

---

[1]This is an appeal from an order of dismissal entered after the trial court sustained a demurrer without leave to amend, and we accept as true the allegations of the complaint. As will appear, our opinion includes references to a related federal district court action (*Yosemite Insurance Company* v. *The Home Insurance Company* (U.S. Dist. Ct. (C.D.Cal.) No. CV-93-0963-JMI)) and an appeal in that action (*Yosemite Insurance Company* v. *The Home Insurance Company* ((9th Cir.) 1996 WL 89271). The trial court judicially noticed the district court proceedings, as do we, and we also take judicial notice of the Ninth Circuit's opinion (decided while this case was pending on appeal). (*Cantu* v. *Resolution Trust Corp.* (1992) 4 Cal.App.4th 857, 877 [6 Cal.Rptr.2d 151]; Code Civ. Proc., § 430.30, subd. (a).)

Phoenix contributing $1,600,000, Home contributing $1,890,000, and Yosemite contributing $2,270,000. On the record, Yosemite and Home (but not Phoenix) reserved their rights against each other, but no insurer reserved its rights against MSK (and MSK did not question the carriers' unlimited reservation of their rights against each other). In June, the settlement was funded.

In February 1993, Yosemite sued Home and others in federal court, seeking complete or partial equitable indemnity, subrogation and contribution, and declaratory relief. After Home answered (and filed a cross-claim), and after the district court determined the date of MSK's professional negligence as alleged by Wilson in his action, Yosemite moved for summary judgment on the ground that its policy did not afford any coverage at that time. It followed, according to Yosemite, that Home ought to reimburse it for the entire amount of its contribution to the Wilson settlement. In opposition, Home contended (for the first time) that Yosemite was not entitled to indemnity from Home because Yosemite had not reserved its rights against *MSK* (notwithstanding that Yosemite had reserved its rights against Home). In Home's view, a judgment obligating Home to reimburse Yosemite would consume the limits of the policy Home had issued to MSK, leaving no money to pay other claims still pending against MSK. To avoid that result, Home insisted that Yosemite's unconditional agreement to indemnify MSK waived Yosemite's right to dispute coverage under MSK's policy for all purposes. The federal district court granted Yosemite's motion and entered summary judgment in favor of Yosemite for more than $2.5 million. [2] Home appealed from that judgment.

While Home's appeal was still pending, MSK filed this action against Yosemite and Home (Yosemite is the only defendant before us on this appeal). In its second amended complaint, MSK pleads breach of contract, tortious breach of contract, intentional interference with economic advantage

---

[2]The district court's Statement of Uncontroverted Facts and Conclusions of Law included *these findings:* "A liability insurer may participate in the settlement of a claim against the insured, and then bring an action for reimbursement against an insurer that declined to participate, or participated in an insufficient amount. . . . A liability insurer's agreement that it would indemnify the insured against any judgment that might be entered against the insured, subject to the limits of the policy, does not preclude the insurer from obtaining reimbursement of its contribution from an insurer that participated in the settlement of the claim against the insured in an insufficient amount, especially where, as here, the defendant insurer specifically agreed that the plaintiff insurer's contribution to the settlement was made pursuant to a reservation of the right to seek reimbursement from the defendant insurer."

and declaratory relief, all based on the same general allegations. According to MSK, it did not understand that Yosemite had reserved the right "to take the position" that it had no indemnity obligations whatsoever to MSK or that Yosemite would claim it had the right to seek reimbursement from Home of the full amount Yosemite had contributed to the Wilson settlement on that basis. To the contrary, MSK alleges, Yosemite's unconditional acceptance of its indemnity obligations in the Wilson action constituted a representation to MSK that Yosemite would provide indemnity to MSK *and* that it "would never thereafter take the position that the Wilson [a]ction was not covered by the Yosemite [p]olicy." By denying coverage in its action against Home and by pursuing MSK's other insurers, Yosemite caused Home to conclude that its policy had been impaired, as a result of which it refused to settle other litigation still pending against MSK. As a result of Yosemite's acts, the value of the Home policy has been impaired and MSK has had to purchase additional coverage.

Yosemite demurred to MSK's second amended complaint, contending Yosemite's relinquishment of its rights against MSK had nothing to do with Yosemite's rights against Home. In opposition, MSK insisted that Yosemite's right to "pursue other insurers on a theory of non-coverage" was a question of fact that could not be resolved by demurrer. The trial court agreed with Yosemite, sustained the demurrer without leave to amend, and entered an order dismissing Yosemite from this action. After MSK filed this appeal from the order of dismissal, the United States Court of Appeals for the Ninth Circuit reversed the district court's summary judgment, finding "the materials before [it]" insufficient to show, as a matter of law, that Yosemite had reserved its indemnification rights against the other carriers "for the amount of its contribution to the [Wilson] settlement."[3]

DISCUSSION

I.

MSK contends an insurer cannot unconditionally accept its indemnity obligations to its insured and then contend in subsequent litigation with the insured's other carriers that it never had any coverage obligation to its insured. We disagree.

---

[3]On this appeal, MSK contends the Ninth Circuit's reversal of the district court's summary judgment means that the district court's findings cannot support the trial court's ruling. Assuming without deciding that MSK is correct, the point is moot—our decision is based upon MSK's second amended complaint and the pleadings in the other actions, not on the district court's findings or conclusions.

Although a liability insurer's admission of coverage binds the insurer to pay a judgment or settlement against the *insured* and bars the insurer from recovering any such payment from the *insured* (*Tomerlin* v. *Canadian Indemnity Co.* (1964) 61 Cal.2d 638, 646-648 [39 Cal.Rptr. 731, 394 P.2d 571]; *Miller* v. *Elite Ins. Co.* (1980) 100 Cal.App.3d 739, 754 [161 Cal.Rptr. 322]), there is no authority for MSK's proposition—that the insurer's unconditional admission of liability to its insured affects the insurer's rights against other insurers. Leaving to one side any policy provisions permitting an excess insurer such as Yosemite to deny coverage until primary policies are exhausted, an insurer's rights against other insurers on the same risk do not arise from contract or from the policies they have with the insured. As our Supreme Court explained in *Signal Companies, Inc.* v. *Harbor Ins. Co.* (1980) 27 Cal.3d 359 [165 Cal.Rptr. 799, 612 P.2d 889, 19 A.L.R.4th 75], " '[t]he reciprocal rights and duties of several insurers who have covered the same event do not arise out of contract, for their agreements are not with each other. . . . Their respective obligations flow from equitable principles designed to accomplish ultimate justice in the bearing of a specific burden.' " (*Id.* at p. 369, quoting *Amer. Auto. Ins. Co.* v. *Seaboard Surety Co.* (1957) 155 Cal.App.2d 192, 195-196 [318 P.2d 84].)

MSK's complaint and the matters judicially noticed show without contradiction that, at the time of the Wilson settlement, MSK knew and agreed to Yosemite's reservation of its rights against MSK's other insurers, including Home.[4] When the settlement was placed on the record, MSK did not suggest there was any limitation (by reason of Yosemite's unconditional agreement to indemnify MSK or otherwise) on Yosemite's right to seek reimbursement from Home or from any other carrier—a suggestion that certainly would have been made, if intended, at the time one of MSK's attorneys confirmed on the record that no insurer was reserving the right to seek reimbursement from MSK. Presumably, MSK recognized then the rule it attempts to avoid now—that an insurer may settle a claim against its insured without prejudice to its right to seek equitable indemnity from other insurers potentially liable on the same risk on the ground that, although the settling insurer's policy does *not* provide coverage, there *is* coverage under the other policies. (*Pines*

---

[4]The transcript memorializing the settlement makes it clear that "[a]ll insurance companies [except Phoenix] reserve[d] their rights [in] full . . . as to other insurance companies." As the trial court commented when it sustained Yosemite's demurrer to MSK's second amended complaint, it is difficult to "see how the English language can be more clear." And although it is outside the record on the demurrer, the record on appeal includes an excerpt from a presettlement letter in which MSK urged Yosemite to contribute to the Wilson settlement and pointed out that, "[i]f Yosemite believes that other insurers are improperly refusing to participate, it can assert any claims it may have against those insurers at a later time."

of *La Jolla Homeowners Assn.* v. *Industrial Indemnity* (1992) 5 Cal.App.4th 714, 725-726 [7 Cal.Rptr.2d 53], disapproved on other grounds in *Montrose Chemical Corp.* v. *Admiral Ins. Co.* (1995) 10 Cal.4th 645, 685 [42 Cal.Rptr.2d 324, 913 P.2d 878]; *State Farm & Casualty Co.* v. *Cooperative of American Physicians, Inc.* (1984) 163 Cal.App.3d 199, 203-205 [209 Cal.Rptr. 251].) Clearly, that rule applies here.[5]

An undisclosed "understanding" by MSK about unstated limitations on the insurers' rights against each other cannot affect the simple fact that Yosemite's reservation of its rights against Home and the other carriers was unlimited (*Brant* v. *California Dairies, Inc.* (1935) 4 Cal.2d 128, 133 [48 P.2d 13]; *Houghton* v. *Kerr Glass Mfg. Corp.* (1968) 261 Cal.App.2d 530, 537 [68 Cal.Rptr. 43]), and there is absolutely no authority to support MSK's contention that Yosemite's unconditional agreement to indemnify MSK bars Yosemite's efforts to recover all or part of its settlement contribution from Home.

## II.

We summarily reject MSK's contention that the hearing on Yosemite's demurrer should have been continued to permit MSK to examine some documents. There was a previous continuance for this purpose, and only five pages remained to be produced, none of which could possibly be relevant to the legal issue raised by MSK's complaint. MSK's failure to explain how the elusive five pages could possibly affect the outcome of the demurrer confirms our belief that the trial court did not abuse its discretion. (*Community Cause* v. *Boatwright* (1981) 124 Cal.App.3d 888, 897, 902 [177 Cal.Rptr. 657]; *McMartin* v. *Children's Institute International* (1989) 212 Cal.App.3d 1393, 1408 [261 Cal.Rptr. 437].)

---

[5]MSK's reliance on *Stonewall Ins. Co.* v. *City of Palos Verdes Estates* (1996) 46 Cal.App.4th 1810 [54 Cal.Rptr.2d 176], is misplaced. In *Stonewall,* the parties apparently *agreed* that the insurer's agreement with its insured that the insurer would not rely on a specified exclusion barred the insurer's reliance on that exclusion in a suit among multiple insurers. (*Id.* at p. 1857.) The case does not support MSK's position for the simple reason that, since no one argued otherwise, the "issue" was not discussed—it is simply stated as a fact. (*Ginns* v. *Savage* (1964) 61 Cal.2d 520, 524, fn. 2 [39 Cal.Rptr. 377, 393 P.2d 689] [an opinion is not authority for a proposition not therein considered].) MSK's reliance on *Alta Cal. Regional Center* v. *Fremont Indemnity Co.* (1994) 25 Cal.App.4th 455 [30 Cal.Rptr.2d 841] is also misplaced. Aside from the fact that *Alta* has in large part been overruled by *Waller* v. *Truck Ins. Exchange, Inc.* (1995) 11 Cal.4th 1, 33-34 [44 Cal.Rptr.2d 370, 900 P.2d 619], it is inapposite here because it is a case involving a dispute between an insured and one of its insurers arising out of a *denial* of coverage, not a dispute among insurers following an insurer's admission of coverage.

## DISPOSITION

The order of dismissal is affirmed. Yosemite is awarded its costs of appeal.

Ortega, Acting P. J., and Masterson, J., concurred.