NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 5 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ADMIRAL INSURANCE COMPANY, a
Corporation,

            Plaintiff-Appellant,

    v.

ACE AMERICAN INSURANCE
COMPANY,

            Defendant-Appellee.

No.    21-55789

D.C. No.
2:20-cv-06920-DSF-E

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Argued and Submitted June 13, 2022
Pasadena, California

Before:  RAWLINSON, CHRISTEN, and KOH, Circuit Judges.

    Plaintiff-Appellant Admiral Insurance Co. ("Admiral") appeals the district

court's decision granting Defendant-Appellee ACE American Insurance Co.'s

("AAIC") motion for summary judgment.  We have jurisdiction under 28 U.S.C.

§ 1291.  "We review de novo the district court's grant of summary judgment."

---

        [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

*Lodestar Anstalt v. Bacardi & Co. Ltd.*, 31 F.4th 1228, 1245 (9th Cir. 2022). For the following reasons, we affirm.

This case arises from Gateway Science & Engineering's ("Gateway") work as the manager for a construction project in Los Angeles. In connection with this work, Gateway obtained insurance coverage under Admiral's professional liability policy (the "Admiral Policy"), which covered claims resulting from negligence in Gateway's provision of professional services. Gateway also obtained coverage under AAIC's commercial general liability policy (the "AAIC Policy"), which generally covered claims resulting from bodily injury or property damage. However, the Admiral Policy excluded claims covered by a commercial general liability policy and the AAIC Policy excluded claims arising from Gateway's "rendering of or failure to render any professional services." Thus, by their terms, the policies did not overlap.

In April and July 2014, Hartford Fire Insurance Company ("Hartford") brought a state court action and an arbitration action against Gateway alleging that Gateway's negligence had damaged the construction project. In June 2019, AAIC and Hartford agreed to settle all claims against Gateway covered by the AAIC Policy. A month later, Admiral and Hartford agreed to settle the remainder of Hartford's claims against Gateway.

In July 2020, Admiral filed an action against AAIC in Los Angeles Superior

2

Court, and AAIC removed the action to the federal district court.  Admiral alleged that, as part of its settlement agreement with Hartford, Admiral had paid Hartford to settle claims for which AAIC was responsible.  Admiral now appeals the federal district court's decision to grant AAIC's motion for summary judgment as to six claims: (1) breach of the implied duty to settle; (2) breach of the contractual duty to indemnify; (3) breach of the implied duty to indemnify; (4) equitable indemnity; (5) equitable subrogation; and (6) unjust enrichment.  As explained below, these claims have no merit.

First, AAIC did not breach the implied duty to settle.  Although an insurer has a "duty to settle once liability of the insureds bec[o]me[s] reasonably clear," *Blue Ridge Ins. Co. v. Jacobsen*, 25 Cal. 4th 489, 504 (2001) (quoting *State Farm Fire & Cas. Co. v. Coop. of Am. Physicians, Inc.*, 163 Cal. App. 3d 199, 204 (1984)), "an insurer has no obligation to pay money in settlement of a noncovered claim," *Marie Y. v. Gen. Star Indem. Co.*, 110 Cal. App. 4th 928, 958 (2003).  Thus, by settling all claims covered by the AAIC Policy, AAIC satisfied the duty to settle.

AAIC also did not breach its duty to indemnify Gateway.  Although an "insurer has a duty to indemnify the insured for those sums that the insured becomes legally obligated to pay as damages for a covered claim," that duty "arises only after liability is established."  *Aerojet-Gen. Corp. v. Transp. Indem.*

3

*Co.*, 17 Cal. 4th 38, 56 (1997). Thus, because all claims against Gateway were settled before liability was established, the duty to indemnify never arose.

Nor may Admiral recover under the doctrines of equitable indemnity or equitable subrogation. Equitable indemnity applies only where two insurers were "obligated to indemnify or defend the same loss or claim." *Fireman's Fund Ins. Co. v. Md. Cas. Co.*, 65 Cal. App. 4th 1279, 1293 (1998). As noted, the AAIC Policy and the Admiral Policy did not overlap with each other. Thus, because AAIC and Admiral were not "obligated to indemnify . . . the same . . . claim[s]," Admiral's claim for equitable indemnity fails. *Id.* In turn, equitable subrogation applies only where one party "pays a debt for which another is primarily liable." *Id.* at 1292 (quoting *Caito v. United Cal. Bank*, 20 Cal. 3d 694, 704 (1978)). By settling all claims covered by the AAIC Policy, AAIC erased any debt it owed to Hartford. With that debt erased, Admiral's settlement with Hartford could not have "pa[id] a debt for which" AAIC was "primarily liable." *Id.* Thus, Admiral's claim for equitable subrogation fails.

For similar reasons, Admiral's claim for unjust enrichment fails. Under California law, the "elements for a claim of unjust enrichment are 'receipt of a benefit and unjust retention of the benefit at the expense of another.'" *Prakashpalan v. Engstrom, Lipscomb & Lack*, 223 Cal. App. 4th 1105, 1132 (2014) (citation omitted). Because AAIC settled all claims covered by the AAIC

4

Policy, AAIC did not receive a benefit from Admiral's settlement with Hartford.

Accordingly, Admiral's unjust enrichment claim fails.

**AFFIRMED.**