[No. H033286. Sixth Dist. Sept. 16, 2009.]

THOMAS MANGANO, Plaintiff and Appellant, v.
VERITY, INC., Defendant and Respondent.

**COUNSEL**

Stephen R. Jaffe for Plaintiff and Appellant.

Doll Amir & Eley, Gregory L. Doll and Hunter R. Eley for Defendant and Respondent.

**OPINION**

**MIHARA, Acting P. J.**—Appellant Thomas Mangano brought an action for retaliatory termination in violation of the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.) against respondent Verity, Inc. (Verity), after Verity terminated his employment. The trial court granted

two of Verity's in limine motions to exclude certain evidence. Verity prevailed at the jury trial, and the trial court denied Mangano's new trial motion, which was based on his claim that the trial court had erroneously granted Verity's in limine motions. On appeal, Mangano renews his contention that the trial court prejudicially erred in granting Verity's in limine motions to exclude certain evidence. We reject his contentions and affirm the judgment.

## I. Background

In September 2005, Mangano filed an action against Verity alleging disability discrimination. On November 17, 2006, the superior court entered judgment for Verity in that action after granting Verity's summary judgment motion.[1] On December 11, 2006, Verity terminated Mangano's employment.

At the time it terminated Mangano's employment, Verity presented Mangano with a letter proposing "terms of the separation agreement . . . which Verity . . . is offering to you to aid in your employment transition." In the proposed separation agreement, Verity offered to pay Mangano a lump sum equivalent to 17 weeks of salary in exchange for Mangano's agreement to a "Nonsolicitation" clause, a "Nondisparagement" clause, a "Release" clause, an "ADEA Waiver" clause, a "Section 1542 Waiver" clause, and a "No Voluntary Adverse Action" clause.

The proposed "Release" clause read: "Except as otherwise set forth in this Agreement, in exchange for the consideration under this Agreement to which you would not otherwise be entitled, including the Severance Payment, you hereby generally and completely release the Company . . . from any and all claims, liabilities and obligations, both known and unknown, that arise out of or are in any way related to events, acts, conduct, or omissions occurring at any time prior to and including the date you sign this Agreement. This general release includes, but is not limited to: (1) all claims arising out of or in any way related to your employment with the Company or the termination of that employment; . . . (4) all tort claims, including claims for fraud, defamation, emotional distress, and discharge in violation of public policy; (5) all claims made in the lawsuit filed by you against Verity, Inc. and Steven R. Springsteel (Santa Clara Superior Court Case No. 1-05-CV-048586) ('Prior Lawsuit'); and (6) all federal, state, and local statutory claims arising under the federal Civil Rights Act of 1964 (as amended), the federal Americans with Disabilities Act of 1990 (as amended), . . . and the California Fair Employment and Housing Act (as amended). . . . Other than the Prior Lawsuit, you represent that you

---

[1] Mangano appealed from that judgment. His appeal remained pending at the time of the current action. We affirmed that judgment in *Mangano v. Verity, Inc.* (2008) 167 Cal.App.4th 944 [84 Cal.Rptr.3d 526].

have no lawsuits, appeals, claims or actions pending in your name, or on behalf of any other person or entity, against the Company or any other person or entity subject to the release granted in this paragraph."

Mangano declined the proposed separation agreement. In February 2007, Mangano filed this action against Verity for retaliatory termination in violation of FEHA.[2] In May 2008, Verity filed a group of in limine motions. In limine motion No. 1 (Motion 1) sought an order excluding evidence of Mangano's "purported disability" and evidence of Verity's "allegedly discriminatory statements or acts regarding Mangano's actual or perceived disability." Verity claimed that this evidence was irrelevant and that it should be excluded under Evidence Code section 352. In limine motion No. 3 (Motion 3) sought exclusion of the proposed separation agreement under Evidence Code section 1152. The trial court granted both motions.

At trial, Mangano contended that he had been fired in retaliation for filing and prosecuting his 2005 lawsuit against Verity.[3] Verity contended that Mangano's employment had been terminated because his job responsibilities had gradually been eliminated for legitimate business reasons after Verity merged with another company in late 2005. Mangano claimed that Verity's asserted justification for his termination was a pretext for retaliation.

The jury's special verdict resolved a single question: "Was Thomas Mangano's opposition to what he reasonably believed to be improper treatment in the work place by filing a lawsuit against Verity the motivating reason for Verity's decision to terminate his employment?"[4] The jury answered "No."

Mangano moved for a new trial on the ground that the trial court had erred in granting Motion 1 and Motion 3. The court denied the motion and entered judgment on the jury's verdict in favor of Verity. Mangano filed a timely notice of appeal.

---

[2] His complaint also alleged additional causes of action, but only the retaliation cause of action was submitted to the jury.

[3] In his opening statement, Mangano described his 2005 lawsuit as having been based on "his belief that [he] had been treated at Verity in 2004 and 2005 in a manner which was not permitted by law."

[4] The parties agreed on the record to the jury instructions and to "the form of the verdict to be used." The trial court's jury instructions, like the verdict form, described Mangano's claims in his 2005 lawsuit as having been based on "what he reasonably believed to be improper treatment in the workplace" and actions that "treated [him] in a manner not allowed by law."

## II. Discussion

### A. Motion 1

In Motion 1, Verity sought exclusion of evidence of Mangano's "purported disability" and of Verity's "allegedly discriminatory statements or acts regarding Mangano's actual or perceived disability." Mangano's "conditional non-opposition" to Motion 1 consisted of an agreement to stipulate that he had filed an action against Verity for disability discrimination and harassment and that Verity was aware of that lawsuit, and a request that evidence of his disability be admitted solely as relevant to mitigation of damages. Mangano's attorney stated: "I'm okay to keep out the specific allegations of the '05 case . . . ." The court granted Motion 1 and "exclude[d] evidence of Thomas Mangano's alleged disability and specific acts which were the basis for the 2005 litigation."

"A verdict or finding shall not be set aside, nor shall the judgment or decision based thereon be reversed, by reason of the erroneous exclusion of evidence unless the court which passes upon the effect of the error or errors is of the opinion that the error or errors complained of resulted in a miscarriage of justice and it appears of record that: [¶] (a) The substance, purpose, and relevance of the excluded evidence was made known to the court by . . . an offer of proof, or by any other means; [¶] (b) The rulings of the court made compliance with subdivision (a) futile; or [¶] (c) The evidence was sought by questions asked during cross-examination or recross-examination." (Evid. Code, § 354.)

The record plainly reflects that Mangano's attorney explicitly agreed on the record to the exclusion of evidence of the "specific allegations of the '05 case . . . ." Consequently, he forfeited any claim that the trial court erred in excluding evidence of those specific allegations.[5] The only other evidence excluded by the court's ruling on Motion 1 was evidence of Mangano's "alleged disability." Mangano's "conditional non-opposition" to Motion 1 did not assert that evidence of his "alleged disability" was relevant to anything other than mitigation of damages, an issue that the jury never addressed. Thus, Mangano failed to "ma[k]e known to the court" the "purpose, and relevance" of his "alleged disability" to any other issue. It follows that the trial court's exclusion of this evidence cannot, under Evidence Code section 354, provide a basis for reversal.

---

[5] Mangano contends that his attorney's statement was not a concession or stipulation because it was in response to an *unreported* chambers conference during which the court indicated that it would be granting Motion 1. Since Evidence Code section 354 requires that the preservation of any error in the exclusion of evidence "appears of record," we reject Mangano's reliance on purported off-the-record events.

## B. Motion 3

"Evidence that a person has, in compromise or from humanitarian motives, furnished or offered or promised to furnish money or any other thing, act, or service to another who has sustained or will sustain or claims that he or she has sustained or will sustain loss or damage, as well as any conduct or statements made in negotiation thereof, is inadmissible to prove his or her liability for the loss or damage or any part of it." (Evid. Code, § 1152, subd. (a).) A trial court's ruling excluding evidence under Evidence Code section 1152 is reviewed for abuse of discretion. (*Caira v. Offner* (2005) 126 Cal.App.4th 12, 32 [24 Cal.Rptr.3d 233].)

Motion 3 sought and obtained exclusion of the proposed separation agreement under Evidence Code section 1152 "for purposes of establishing liability." The proposed separation agreement was indisputably an offer of money by Verity to Mangano. Mangano's contention on appeal is that the proposed separation agreement did not fall within Evidence Code section 1152 because that section applies only to "offers to compromise disputes *existing at the time the offer is made*" and does not apply where the offer to compromise also extends to *"potential claims arising out of the termination in progress which had never been asserted by the plaintiff."* He essentially claims that any dispute about Mangano's termination, which was the basis for the current lawsuit, had not yet arisen at the time of the proposed separation agreement.[6]

■ We discern nothing in the language of Evidence Code section 1152 which limits it to offers to compromise preexisting *disputes*. "Evidence that a person has . . . offered . . . money . . . to another who has sustained *or will sustain* . . . loss or damage . . . is inadmissible to prove his or her liability for the loss or damage or any part of it." (Evid. Code, § 1152, subd. (a), italics added.) Here, Verity offered money to Mangano when it terminated his employment. At that time, it was a fact that Mangano's termination would cause him to sustain some loss of income. It follows that Verity's offer to compensate him for this prospective loss was inadmissible under Evidence Code section 1152 to show that Verity was liable for this loss.

Mangano relies heavily on *Cassino v. Reichhold Chemicals, Inc.* (9th Cir. 1987) 817 F.2d 1338 (*Cassino*). *Cassino* was an age discrimination case. At the time of Cassino's termination, his employer proposed a settlement

---

[6] Mangano states in his opening brief that Verity is "estopped" from asserting that the proposed separation agreement fell within Evidence Code section 1152 because Verity's attorney asserted otherwise in correspondence with Mangano's attorney. He provides no substantive argument or citation to authority to support this contention, and we therefore deem it abandoned. (*Ellenberger v. Espinosa* (1994) 30 Cal.App.4th 943, 948 [36 Cal.Rptr.2d 360].)

agreement under which it would pay him $18,000 in exchange for a release of all claims including age discrimination. (*Cassino*, at pp. 1341–1342.) Cassino declined. (*Cassino*, at p. 1341.) At trial, Cassino introduced the proposed settlement agreement. Cassino prevailed at trial. (*Cassino*, at p. 1342.) On appeal, the employer contended that the trial court had abused its discretion in admitting the proposed settlement agreement. This contention was premised on Federal Rules of Evidence, rule 408 (28 U.S.C.). (*Cassino*, at p. 1342.)

Federal Rules of Evidence, rule 408 (28 U.S.C.) provides: "Evidence of the following is not admissible on behalf of any party, when offered to prove liability for, invalidity of, or amount of *a claim that was disputed as to validity or amount*, or to impeach through a prior inconsistent statement or contradiction: [¶] (1) furnishing or offering or promising to furnish—or accepting or offering or promising to accept—a valuable consideration in compromising or attempting to compromise *the claim*; and [¶] (2) conduct or statements made in compromise negotiations regarding the claim, except when offered in a criminal case and the negotiations related to a claim by a public office or agency in the exercise of regulatory, investigative, or enforcement authority." (Fed. Rules Evid., rule 408(a), italics added.) The Ninth Circuit found that the trial court had not abused its discretion because Cassino had not asserted any claim at the time the employer proposed the settlement agreement. (*Cassino, supra*, 817 F.2d at pp. 1342–1343.)

■ *Cassino* is readily distinguishable. Federal Rules of Evidence, rule 408 (28 U.S.C.), unlike Evidence Code section 1152, expressly applies only where a "claim" was "disputed" at the time of the offer. Evidence Code section 1152, on the other hand, says nothing about any *claim*, does not require the preexistence of a *dispute*, and expressly applies to a *prospective loss*. The trial court did not abuse its discretion in concluding that the proposed separation agreement fell within Evidence Code section 1152's broad scope.

Mangano also contends that the trial court abused its discretion in excluding the proposed separation agreement because it was potentially admissible for uses other than proving Verity's liability. The problem with this contention is that the trial court's in limine ruling excluded the proposed separation agreement only "for purposes of establishing liability." The challenged ruling did not preclude Mangano from utilizing this evidence for some other purpose. Mangano's appellate contention that this evidence might have been admissible for some other purpose therefore cannot establish that the trial court's in limine ruling was erroneous.

### III. Disposition

The judgment is affirmed.

McAdams J., concurred, and Duffy, J., concurred in the judgment only.

Appellant's petition for review by the Supreme Court was denied February 3, 2010, S178953. George, C. J., did not participate therein.