Filed 2/29/24  Fox v. Radonix CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| JOHN DANIEL FOX,<br><br>    Plaintiff and Appellant,<br><br>        v.<br><br>RADONIX, INC. et al.,<br><br>    Defendants and Respondents. | G062103<br><br>(Super. Ct. Nos. 30-2021-01201867,<br>  30-2021-01203509)<br><br>O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Walter P. Schwarm, Judge.  Affirmed.

John Daniel Fox, in pro. per., for Plaintiff and Appellant.

J.M. O'Connor Law Group and Joseph M. O'Connor for Defendants and Respondents.

\*        \*        \*

Plaintiff and Appellant John Daniel Fox appeals from an order granting a motion brought by defendants (Radonix, Inc., Shahram Tork, Maryam Golbakhsh) to set aside default judgments Fox had entered against them.[1]  Fox did not, however, file opposition to the motion in the trial court and has not furnished a reporter's transcript of the hearing.  By failing to oppose the motion in the trial court, Fox has forfeited his arguments that the trial court's ruling was erroneous.

If a party fails to file an opposition to the motion leading to the challenged order or judgment, and that party also does not provide a reporter's transcript of the underlying proceeding, that party waives all arguments against the challenged order or judgment.  (*Southern California Gas Co. v. Flannery* (2016) 5 Cal.App.5th 476, 483, fn. 7; see *Mangano v. Verity, Inc.* (2009) 179 Cal.App.4th 217, 221 [defendant who failed to oppose motion in limine to exclude evidence forfeits his ability to argue on appeal that the evidence was improperly excluded]; *Bell v. American Title Ins. Co.* (1991) 226 Cal.App.3d 1589, 1602 [failure to oppose motion in the trial court waives objections on appeal].)

Indeed, "[a] failure to oppose a motion may be deemed a consent to the granting of the motion."  (Cal. Rules of Court, rule 8.54(c).)  In addition, """[i]t is fundamental that a reviewing court will ordinarily not consider claims made for the first time on appeal which could have been but were not presented to the trial court."  Thus, "we ignore arguments, authority, and facts not presented and litigated in the trial court.  Generally, issues raised for the first time on appeal which were not litigated in the trial court are waived."""  (*Kashmiri v. Regents of University of California* (2007) 156 Cal.App.4th 809, 830.)

---

[1]  Fox also requested the entry of a court judgment against each defendant. The trial court did not sign the proposed judgments and they were never entered.

Accordingly, Fox has waived or forfeited all arguments he might have in support of a reversal and, as a consequence, has failed to meet the burden as an appellant of affirmatively demonstrating error.  (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608-609.) We therefore affirm the order granting the motion to set aside the defaults.  Defendants shall recover costs on appeal.


SANCHEZ, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


GOODING, J.