[No. E011662. Fourth Dist., Div. Two. Nov. 18, 1994.]

JAMES DENNIS ELLENBERGER, Plaintiff and Appellant, v.
JENNIE ESPINOSA, Defendant and Respondent.

944

946

**COUNSEL**

Andrew I. Roth for Plaintiff and Appellant.

Daniel E. Lungren, Attorney General, Robert H. Francis and Joel A. Davis, Deputy Attorneys General, for Defendant and Respondent.

**OPINION**

**HOLLENHORST, J.**—Plaintiff, James Dennis Ellenberger, D.D.S., appeals from a judgment entered against him and in favor of defendant Jennie Espinosa, (hereinafter defendant) based on the trial court's action of sustaining her demurrer to plaintiff's second amended complaint without leave to amend.

## PROCEDURAL BACKGROUND

On April 10, 1992, plaintiff filed his second amended complaint against defendant and several other parties, including the State of California. Five causes of action were alleged against defendant: (1) conspiracy to violate his civil rights (42 U.S.C. § 1983); (2) slander per se; (3) intentional interference with contractual relationships; (4) intentional interference with prospective economic advantage; and (5) conspiracy. On May 14, 1992, defendant demurred to each of these causes of action. On June 26, 1992, plaintiff filed his opposition to the demurrer. The court reviewed defendant's challenges, sustained the demurrer without leave to amend, and entered judgment in her favor. Plaintiff appeals from such judgment.

## STANDARD OF REVIEW

■ Where a trial court sustains a demurrer without leave to amend, we review such action under the abuse of discretion standard. (*Hendy* v. *Losse* (1991) 54 Cal.3d 723, 742 [1 Cal.Rptr.2d 543, 819 P.2d 1].) If there is a reasonable possibility that the pleading can be cured by an amendment, the trial court's ruling will be reversed. (*Blank* v. *Kirwan* (1985) 39 Cal.3d 311, 318 [216 Cal.Rptr. 718, 703 P.2d 58].)

On review, we examine the complaint's factual allegations to determine whether they state a cause of action on any available legal theory. (*Saunders* v. *Cariss* (1990) 224 Cal.App.3d 905, 908 [274 Cal.Rptr. 186].) We treat the demurrer as admitting all material facts which were properly pleaded. (*Aubry* v. *Tri-City Hospital Dist.* (1992) 2 Cal.4th 962, 967 [9 Cal.Rptr.2d 92, 831 P.2d 317].) However, we will not assume the truth of contentions, deductions, or conclusions of fact or law (*Moore* v. *Regents of University of California* (1990) 51 Cal.3d 120, 125 [271 Cal.Rptr. 146, 793 P.2d 479, 16 A.L.R.5th 903]), and we may disregard any allegations that are contrary to the law or to a fact of which judicial notice may be taken. (*Fundin* v. *Chicago Pneumatic Tool Co.* (1984) 152 Cal.App.3d 951, 955 [199 Cal.Rptr. 789].)

## DID THE TRIAL COURT ABUSE ITS DISCRETION BY FAILING TO GRANT PLAINTIFF LEAVE TO AMEND HIS COMPLAINT?

In his opening brief, plaintiff focuses his arguments on the civil rights and defamation causes of action. Thus, plaintiff's opening brief only addresses the two causes of action: (1) conspiracy to violate his civil rights (42 U.S.C. § 1983), and (2) slander per se. The other three causes of action, intentional interference with contractual relationships, intentional interference with prospective economic advantage, and conspiracy, are not addressed.

■ We are not required to make an independent, unassisted study of the record in search of error or grounds to challenge a trial court's action. We are entitled to the assistance of counsel. When a brief fails to contain a legal argument with citation of authorities on the points made, we may "treat any claimed error in the decision of the court sustaining the demurrer as waived or abandoned." (*Wilson* v. *Board of Retirement* (1957) 156 Cal.App.2d 195, 212-213 [329 P.2d 426]; 9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 479, pp. 469-471.) Thus, our review is limited to only those causes of action briefed on appeal.

## A. *Facts.*[1]

Since June, 1970, plaintiff has been engaged in the practice of dentistry, treating pediatric, adult, Denti-Cal, insured, private, handicapped, and indigent patients. Beginning in September or October 1990, plaintiff was accused of physically and psychologically abusing, threatening, or harming one or more of his patients, who were children, during the course of administering dental care. Investigation by local police and prosecutors concluded that the accusations were false and groundless.

However, in spring 1991, the Board of Dental Examiners conducted an administrative hearing regarding the accusations wherein evidence was presented and plaintiff was given an opportunity to be heard in his defense. After taking the matter under submission, the administrative law judge submitted the proposed decision which was adopted by the board on July 12, 1991. Both parties petitioned the board for reconsideration. Their petitions were granted and on March 13, 1992, the board entered its decision (case No. 1990-19, OAH L-52153) which found that good cause existed (1) to impose discipline on plaintiff for acts of gross negligence and repeated negligent acts pursuant to Business and Professions Code section 1670; (2)

---

[1]Defendant filed a motion pursuant to Evidence Code sections 452 and 453 and California Rules of Court, rule 323, which asks this court to take judicial notice of the court's file and the record on appeal in *Ellenberger, D.D.S.* v. *Board of Dental Examiners* (May 26, 1993) E012090 (nonpub. opn.), including the following documents: (1) Board of Dental Examiners' decision (Mar. 13, 1992); (2) superior court's statement of decision (Oct. 7, 1992); (3) superior court's judgment (Nov. 3, 1992); (4) notice of appeal (Dec. 18, 1992); (5) notice of filing record on appeal (Apr. 29, 1993); (6) Court of Appeal's stay order (Jan. 6, 1993); (7) Court of Appeal's order denying petition for writ of supersedeas (Jan. 26, 1993); (8) Court of Appeal's order denying petition for rehearing (Feb. 23, 1993); and (9) Supreme Court's letter rejecting petition for review (Mar. 4, 1993). Plaintiff has filed no opposition to this request. Accordingly, defendant's motion is granted and we take judicial notice of the documents identified above and attached to the motion.

Thus, our summary of the facts includes not only those facts which were properly pleaded in the plaintiff's second amended complaint, but also those facts which we have taken judicial notice of and which contradict the allegations of the complaint. (*Fundin* v. *Chicago Pneumatic Tool Co., supra*, 152 Cal.App.3d 951, 955.)

to impose discipline on plaintiff for acts of gross immorality substantially related to the practice of dentistry pursuant to Business and Professions Code section 1680, subdivision (e); (3) to impose discipline on plaintiff for violation of Business and Professions Code section 1682, subdivision (e) for failure to obtain written informed consent of a patient or the patient's parent or guardian prior to administering conscious sedation; and (4) to impose discipline on plaintiff for violation of Business and Professions Code section 1680, subdivision (n). Among other things, plaintiff's dental certificate was suspended for a period of 12 months and he was directed to complete 40 hours of continuing education.

With these facts in mind, we examine the trial court's rulings regarding the demurrer.

B.  *Conspiracy to Violate Civil Rights (42 U.S.C. § 1983).*

The trial court correctly concluded that plaintiff failed to allege facts sufficient to support a cause of action for conspiracy to violate his civil rights. This claim was based on the allegation that defendant, together with others, agreed to and actively aided and abetted, and encouraged the other defendants to do the acts claimed in the first cause of action for civil rights violation. The first cause of action alleged, among other things, that defendants presented defamatory statements in connection with the Board of Dental Examiners' hearing. Moreover, it concluded that by virtue of plaintiff's vested right to practice dentistry, he was "entitled to substantive and procedural due process and equal protection of the law as guaranteed by the Fifth and Fourteenth Amendments to the Constitution of the United States with respect to any actions taken against his dental license under authority or under color of authority by the State of California or its agents."

In her demurrer, defendant argued that the publication of defamatory statements does not violate the federal Constitution. (*Paul* v. *Davis* (1976) 424 U.S. 693, 694 [47 L.Ed.2d 405, 410, 96 S.Ct. 1155].) We agree. In its *Paul* opinion, the Supreme Court held that a person who was defamed by the police department's distribution of a flyer containing names and photos of "known shoplifters" could not assert a due process claim under 42 United States Code section 1983, although he might have a claim under state defamation law. In *Siegert* v. *Gilley* (1991) 500 U.S. 226 [114 L.Ed.2d 277, 111 S.Ct. 1789], the Supreme Court refused to limit its decision in *Paul* to cases where the defamation was not accompanied by loss of business or other property interests.

In *Siegert*, plaintiff, a psychologist at a federal government hospital, resigned to avoid a discharge that would adversely affect future employment.

After finding employment at another hospital operated by the United States Army, plaintiff's supervisor, Gully, sent a highly negative reference letter to the hospital stating, among other things, that plaintiff was inept, unethical and untrustworthy. As a result of the letter, plaintiff was denied the credential required for him to continue his employment, and he was later terminated. In affirming the dismissal of plaintiff's claims, the Supreme Court held that even if plaintiff's allegations were true, they "failed to establish the violation of any constitutional right at all." (*Siegert* v. *Gilley, supra,* 500 U.S. 226, 232-233 [114 L.Ed.2d 277, 287].)

Nonetheless, plaintiff contends that the allegations supporting his claims for violation of civil rights and conspiracy are similar to the allegations set forth in *Buckey* v. *County of Los Angeles* (9th Cir. 1992) 968 F.2d 791. In *Buckey,* plaintiff, acquitted in a highly publicized child molestation case (McMartin Preschool), brought a 42 United States Code section 1983 action against several defendants alleging that the policies and actions of these defendants deprived her of her rights to due process, privacy, equal protection, and fair trial contrary to the Fourteenth Amendment. The district court dismissed the complaint and denied plaintiff leave to amend.

On appeal, the Ninth Circuit reversed such decision stating, "We believe [plaintiff may be able to make a claim] that all the parties described in the complaint conspired under the color of state law to subject Buckey to the hardships and injuries which she suffered. [However, w]e express no opinion on whether such a claim ethically and professionally can be filed. We only indicate that it is a possibility. [¶] This putative claim would . . . assert that due process was unconstitutionally denied 'regardless of the purity of the procedures themselves.' [Citation.] . . . [¶] Under the putative claim, Buckey . . . would assert that the defendants, for their various reasons, conspired to attempt to send her to jail for child molestation, in the course of which great injury was suffered by her. The claim would not be that Buckey did not receive adequate procedural protections. Rather . . . the claim would be that the procedures that ultimately established Buckey's innocence were made necessary only because of a wrongful conspiracy of entities and persons acting under the color of state law." (*Buckey* v. *County of Los Angeles, supra,* 968 F.2d 791, 794-795, fn. omitted.)

Having reviewed the *Buckey* decision, we find it inapplicable to this case for three reasons. First, the investigation in the McMartin Preschool child molestation case was delegated to one of the defendants who had no relevant academic, professional, or technical licenses and credentials to properly conduct such investigation pursuant to the established guidelines. Consequently, those guidelines were violated. Nonetheless, the county accepted

such investigation as a basis for launching a prosecution against Buckey and others. Here, there is no evidence, nor any allegation, of any wrongdoing or impropriety with the Board of Dental Examiners' hearing or the investigation by the local police and prosecutors. Instead, plaintiff refers to the investigation by the local police and prosecutors emphasizing their conclusion that the accusations were false and groundless. Secondly, Buckey was acquitted of any alleged wrongdoing. Here, the Board of Dental Examiners found plaintiff to be grossly negligent and in violation of several sections of the Business and Professions Code, thus indicating that there was truth in defendant's accusations. And finally, the Ninth Circuit expressed no opinion on "whether such a claim ethically and professionally can be filed." (*Buckey* v. *County of Los Angeles, supra,* 968 F.2d 791, 794.) Thus, we refuse to apply the *Buckey* decision to the facts of this case.

For the above stated reasons, we find that, as a matter of law, the defendant's conduct, as pleaded, is not the basis of a civil rights action, and cannot be the basis of a conspiracy to violate civil rights action. Thus, the trial court correctly sustained the demurrer to this cause of action.

C.   *Slander Per Se.*

■   Plaintiff based his claim of slander per se on the allegation that defendant uttered false words which charged plaintiff with misconduct within his business and profession as a dentist. Defendant's demurrer challenged the defamation claim contending that plaintiff failed to allege the defamatory statements with specificity. Moreover, defendant claimed that her statements were privileged. On appeal, plaintiff focuses his argument on the application of the privilege defense, contending that, at best, defendant is only entitled to a limited defense of privilege. Although we agree with plaintiff, we still find that the facts are insufficient to support this cause of action. We will examine each argument raised by the parties and any argument supported by the facts.

■   As defendant correctly points out, plaintiff's complaint is defective because it " '. . . does not allege either the specific words or the substance of [the] statements . . . but instead merely alleges the conclusions of the pleader that statements were made which "intimated and suggested" that plaintiff had done certain wrongful things.' (*Lipman* v. *Brisbane Elementary School District* (1961) 55 Cal.2d 224, 235 [11 Cal.Rptr. 97, 359 P.2d 465].)" However, as in *Lipman,* we find that such deficient pleading leaves room for amendment. Thus, we turn our attention to the privilege argument.

Defendant concedes plaintiff's contention that she is only entitled to a partial claim of privilege pursuant to Civil Code sections 47 and 43.8. Civil

Code section 47 provides, in pertinent part: "A privileged publication or broadcast is one made: . . . [¶] (b) In any (1) legislative or (2) judicial proceeding, or (3) in any other official proceeding authorized by law, or (4) in the initiation or course of any other proceeding authorized by law . . . ." Section 43.8 provides for an immunity from liability for damages of any person who communicates information in his possession to any health care professional licensing board concerning the fitness or character of a health care professional.

"The principal purpose of section [47(b)] is to afford litigants and witnesses [citation] the utmost freedom of access to the courts without fear of being harassed subsequently by derivative tort actions. [Citations.] [¶] . . . . A further purpose of the privilege 'is to assure utmost freedom of communication between citizens and public authorities whose responsibility is to investigate and remedy wrongdoing.' [Citations.] Such open communication is 'a fundamental adjunct to the right of access to judicial and quasi-judicial proceedings.' [Citation.] Since the 'external threat of liability is destructive of this fundamental right and inconsistent with the effective administration of justice' [citation], courts have applied the privilege to eliminate the threat of liability for communications made during all kinds of truth-seeking proceedings: judicial, quasi-judicial, legislative and other official proceedings." (*Silberg* v. *Anderson* (1990) 50 Cal.3d 205, 213 [266 Cal.Rptr. 638, 786 P.2d 365]; see also, *Rubin* v. *Green* (1993) 4 Cal.4th 1187, 1193 [17 Cal.Rptr.2d 828, 847 P.2d 1044]-1196.)

■ Thus, we find that defendant's statements in the administrative proceedings were privileged under Civil Code sections 47 and 43.8. To find otherwise would deter patients from expressing legitimate complaints regarding doctor's services for fear that the doctors would initiate defamation actions against them.

However, plaintiff alleges that defendant made statements outside the proceedings which are not privileged. He points out that our Supreme Court has stated: "[Section 43.8 does not extend] protection to private persons communicating *to patients* with respect to the quality of the medical or dental care they have received." (*Slaughter* v. *Friedman* (1982) 32 Cal.3d 149, 157 [185 Cal.Rptr. 244, 649 P.2d 886].) Accordingly, it would seem that plaintiff should have been allowed leave to amend his complaint as to the slander per se claim.

However, "[a]n essential element of defamation is that the publication in question must contain a false statement of *fact.*" (*Carr* v. *Warden* (1984) 159 Cal.App.3d 1166, 1169 [206 Cal.Rptr. 162].) Thus, truth is a complete

defense to civil liability for slander per se. (5 Witkin, Summary of Cal. Law (9th ed. 1988) Torts, § 494, p. 583.) As noted in the summary of facts, the Board of Dental Examiners determined that plaintiff had been grossly negligent and in violation of several sections of the Business and Professions Code. Because the facts fail to support any claim of slander per se, the trial court correctly sustained the demurrer to this cause of action.

DISPOSITION

The judgment is affirmed.

Dabney Acting P. J., and McKinster J., concurred.