Filed 10/14/22  Hoang v. Nguyen CA1/5

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION FIVE

|  |  |
|---|---|
| CHI HOANG,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>VU NGUYEN,<br><br>    Defendant and Appellant. | A165819<br><br><br>(Santa Clara County<br>Super. Ct. No. 16-CV-300868) |

### MEMORANDUM OPINION[1]

Defendant Vu Nguyen, appearing in propia persona, appeals from a judgment in favor of plaintiff Chi Hoang following a bench trial.[2]  Hoang sued Nguyen alleging, among other claims, fraud.  She alleged Nguyen falsely promised her that the two of them would each own 50 percent of La Belle Cosmeceuticals, Inc. (LBC), a company that developed and sold a facial cream.  Hoang further alleged that Nguyen wrongfully closed the company without her consent, took its valuable inventory, and gave Hoang nothing for her work or her ownership interest.  Hoang also sought to partition real

---

[1] We resolve this case by memorandum opinion pursuant to California Standards of Judicial Administration, section 8.1.

[2] This matter was transferred by California Supreme Court order on August 9, 2022, from the Sixth Appellate District to the First Appellate District.

1

property in San Jose, which she and Nguyen purchased as cotenants. The trial court issued a statement of decision finding Hoang's testimony credible and Nguyen's testimony "incoherent, inconsistent with and unsupported by other credible evidence." The trial court further found the following true: Hoang's version of the facts regarding Hoang and Nguyen's personal and business relationships; Nguyen promised that she owned 50 percent of LBC; he did not intend to perform the promise when he made it; he intended for her to rely on his promise; she reasonably relied upon the promise; Nguyen did not perform as promised; and Hoang was harmed due to her reliance on Nguyen's promise. The court determined that Hoang was entitled to $1,400,000 for her half of the value of the LBC inventory Nguyen stole and punitive damages of $420,000. In addition, the court found that Nguyen did not compensate Hoang for her 50-percent share of the San Jose property. The court appointed a receiver to sell the property, pay the mortgage, and equally divide the remaining proceeds, with Nguyen's share of the proceeds being used to satisfy the damages awarded to Hoang on her fraud claim.

" 'A judgment or order of the lower court is *presumed correct*. All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown. This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversable error.' " (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) The appellant bears the burden of demonstrating reversible error, and to do so, he or she "must present meaningful legal analysis supported by citation to authority and citations to facts in the record that support the claim of error. [Citations.] When a point is asserted without argument and authority for the proposition, 'it is deemed to be without foundation and requires no discussion by the reviewing court.' [Citations.]

Hence, conclusory claims of error will fail." (*In re S.C.* (2006) 138 Cal.App.4th 396, 408.)  Further, the appellant must "[s]tate each point under a separate heading or subheading summarizing the point . . . ." (Cal. Rules of Court, rule 8.204(a)(1)(B).)  "This is not a mere technical requirement; it is designed to lighten the labors of the appellate tribunals by requiring the litigants to present their cause systematically and so arranged that those upon whom the duty devolves of ascertaining the rule of law to apply may be advised, as they read, of the exact question under consideration, instead of being compelled to extricate it from the mass.' " (*In re S.C., supra*, 138 Cal.App.4th at p. 408.)  The same rules apply to self-represented litigants. (*McComber v. Wells* (1999) 72 Cal.App.4th 512, 523.)

While it is clear from defendant's opening brief that he disagrees with the trial court's decision, it is unclear on what basis he believes the decision is subject to reversal.  Defendant presents a "Statement of Facts" with a subheading "Background and History of Irregular Court Proceeding" that is about 30 pages.  (All capitalization and boldface omitted.)  The factual summary contains contradictions (e.g., it states that "Vu [Nguyen] was the only worker of [LBC]" and later refers to Hoang's "role as the CFO [chief financial officer] of [LBC]" and states she "managed online all bank accounts of [LBC]."  Defendant complains of various discovery disputes regarding document production and objections made at depositions.  He further asserts complaints regarding his own attorneys, including malpractice allegations that he planned to assert and State Bar complaints.  Regarding the trial testimony, Nguyen asserts that Hoang "freely made her false testimony in 10 days trial [*sic.*]" while he was unprepared by his attorney for a 10-day trial that was "completely a surprise and fruitless" and in which he admits his testimony was "incoherent and useless."  Next, Nguyen's brief provides an

3

"Analysis of the Trial Court's Statement of Decision" in which he contests 11 statements made in the trial court's findings and contends there was contradictory evidence. (All capitalization and boldface omitted.)

The "Legal Argument" section of defendant's opening brief—a total of three pages—contains three headings: "A. Standard of Review"; "B. The Legal System Is Eroded Because of Attorney Misconduct And Irregularities"; and "C. The Public Interest Favors an Appeal." (All capitalization and boldface omitted.) The standard of review section summarizes four standards of review and appears to urge that we apply a de novo standard of review to the denial of his motion for a new trial. However, none of the legal argument headings apprises the court of legal error in the trial court's decision. (*Pizarro v. Reynoso* (2017) 10 Cal.App.5th 172, 179 ["Failure to provide proper headings forfeits issues that may be discussed in the brief but are not clearly identified by a heading"].) As to the two legal argument headings defendant provides, he fails to present a cogent and sufficiently developed legal analysis supported by legal authority explaining how the trial court erred. (*In re S.C., supra*, 138 Cal.App.4th at p. 408.) An appellate court is not required to make an independent review of the record in search of error or theories to undermine the judgment and defeat the presumption of correctness. (*Pizarro, supra*, 10 Cal.App.5th at p. 181 ["It is not our responsibility to act as counsel for [appellant] and attempt to arrange his arguments coherently"]; *Ellenberger v. Espinosa* (1994) 30 Cal.App.4th 943, 948.) Defendant has failed to affirmatively demonstrate error and has not overcome the presumption of correctness afforded to the trial court's decision.

## DISPOSITION

The judgment is affirmed. Plaintiff shall recover her costs on appeal. (California Rules of Court, rule 8.278(a)(1),(2).)

4

_____
Jackson, P. J.

WE CONCUR:


_____
Burns, J.


_____
Wiseman, J.*

A165819/*Hoang v. Nguyen*

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.