Filed 9/28/23  Woods v. Guzman CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| NIRA WOODS,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>VICTOR GUZMAN et al.,<br><br>    Defendants and Respondents. | B317221, B318393<br><br>Los Angeles County<br>Super. Ct. No. 20TRCV00564 |

APPEAL from a judgment and orders of the Superior Court of Los Angeles County, John J. Kralik, Judge.  Affirmed.

Nira Woods, in pro. per., for Appellant.

Jeanne-Marie K. Litvin, Deputy City Attorney, for Defendants and Respondents City of Torrance and Jon Megeff.

Bremer Whyte Brown & O'Meara, Rick Peterson and Daniel E. Webber for Defendants and Respondents N&K Commercial Property, Inc., Ken Miyake, Victor Guzman, and Manuel Guzman.

## INTRODUCTION

Dr. Nira Woods (appellant) filed three notices of appeal: the first from the judgment entered November 15, 2021; the second from the court's order of December 13, 2021; and the third, from the court's order of January 28, 2022. Pursuant to our order of March 8, 2022, these three appeals were consolidated for all purposes under B317221.

Appellant makes numerous arguments on appeal. We do not address some of the arguments because the issues are not properly before us. As to the remaining arguments, we deem them forfeited or waived because appellant did not provide sufficient legal authority and citation to the record on appeal to support her contentions.

We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

A.    *Civil Complaint*

Appellant initiated the underlying matter on August 11, 2020 by filing a civil complaint against 20 defendants—including respondents N&K Commercial Property, Inc. (N&K), Ken Miyake, Manuel Guzman, Victor Guzman, the City of Torrance's Department of Mental Health, the City of Torrance's Police Department and its deputy chief Jon Megeff.[1] The complaint alleged 14 causes of action, including invasion of privacy, negligence, negligent infliction of emotional distress, intentional infliction of emotional distress, and fraud.

---

[1] We note respondent City of Torrance was not named as a defendant in the complaint. We do not recite information pertaining to the other defendants, as they are not parties to the appeal before us.

The complaint's content is confusing and difficult to discern. The complaint alleged: appellant has an interdisciplinary Ph.D from Tel Aviv University in engineering, physics, and mathematics. She is the lessee of private land identified as unit 68 of the Skyline Mobile Park located in Torrance, California. She signed a lease agreement with the management of Skyline Mobile Park on April 1, 2003. In 2013, defendants amended the Local Rules and Regulations, which breached and violated her lease agreement.[2] Defendants authorized, created, and used the "digitally searchable Database created by Hazardous Surveillance CCTV System" over the public internet, and that CCTV system included lasers and infrared antenna sources with energy beams that radiate her body. The complaint goes on to allege other actions involving the Skyline Mobile Park.

On October 1, 2020, the City of Torrance (respondent City) filed a demurrer to the complaint. The demurrer clarified that the complaint "[e]rroneously sued and served [the] Torrance Police Department [and] Department of Mental Health" and that the proper defendant is respondent City. Respondent City contended the complaint failed to state facts sufficient to state a valid cause of action "as the [c]omplaint is unclear, ambiguous and uncertain." Respondent City also argued it is "statutorily immune from liability" and appellant failed to allege compliance with the claim presentation requirements.

_____

[2] For instance, appellant alleged N&K falsely replaced the management "of" Skyline Mobile Park with management "for" Skyline Mobile Park, constituting fraud in her lease agreement.

3

On September 30, 2020, this matter was ordered reassigned "[p]ursuant to a [r]ecusal" from Judge Gary Y. Tanaka at the Torrance Courthouse to Judge William D. Stewart at the Burbank Courthouse for all further proceedings.

On October 2, 2020, appellant filed an objection to the court's order of reassignment, requesting that her case remain with Judge Tanaka at the Torrance Courthouse "regardless of issues, conflicts the [Judge] is concerned about" and because she does not "have the physical capabilities to drive such long distance" to the Burbank Courthouse; "it is only 6 miles round trip from [her] mobile home park to [the] Torrance Courthouse."

On October 8, 2020, the court reviewed and granted a peremptory challenge filed by appellant. A notice of case reassignment was issued, providing that the case "previously assigned to [Judge] William D. Stewart . . . shall be assigned to [Judge] John J. Kralik . . . for all purposes . . . at [the] Burbank Courthouse."

On October 9, 2020, respondents N&K, Ken Miyake, Victor Guzman, and Manuel Guzman (collectively N&K respondents) filed a demurrer to the complaint, arguing the entire complaint failed to state facts constituting a cause of action and the wording was "uncertain, ambiguous and unintelligible."

On December 4, 2020, the court issued an order denying appellant's September 25, 2020 motion to disqualify the City of Torrance from representing defendants she had identified as Torrance Police Department, the Department of Mental Health, and Jon Megeff (Megeff). We were not provided a copy of appellant's motion and the opposition filed by respondent City. The court's order, however, concluded appellant failed to provide

4

a legal basis in support of her motion and failed to state the legal grounds upon which disqualification was warranted.

On January 8, 2021, the court issued a lengthy order sustaining demurrers filed by respondents on October 1 and 9, 2020. The court found the "allegations of the 54-page complaint are difficult to decipher" and are "uncertain and vague." The court found the complaint was not pleaded with the requisite particularity, failed to provide the statutory basis on which appellant sought to establish liability, and failed to allege whether appellant had timely presented her claim as a prerequisite to filing her complaint against the City and Megeff. Appellant was given 20 days leave to amend the complaint.

B.     *First Amended Complaint*

On February 16, 2021, appellant filed a 65-page first amended complaint (FAC), alleging eight causes of action. Again, she did not name the City of Torrance as a defendant, but instead named the City of Torrance's Police Department and the Department of Mental Health. The allegations in the FAC are nearly identical to those of the original complaint.

On March 22, 2021, N&K respondents filed a demurrer to the FAC. They argued the entire FAC failed to state facts constituting a cause of action and was "uncertain, ambiguous and unintelligible." That same day, the City and Megeff jointly filed a demurrer to the FAC.

On June 25, 2021, the court sustained both demurrers. The court permitted appellant 30 days leave to amend the FAC and cautioned her to "carefully consider whether she has additional facts sufficient to amend the operative complaint and allege valid causes of action." The court reminded appellant that "a complaint must contain a 'statement of facts constituting the

cause of action, in ordinary and concise language.' [Appellant] should attempt to comply with [Code of Civil Procedure] section 425.10(a) so that the amended complaint is written in ordinary and concise language. [Appellant] is advised that if her next complaint does not state a cause of action[,] she is unlikely to receive leave to amend on future demurrers."

C.    *Second Amended Complaint*

On July 26, 2021, appellant filed a 26-page second amended complaint (SAC) against 15 defendants including respondents.[3] She entitled the SAC as "The 2AC" and "Amendments to the Operative Complaint" to include "*additional* Facts" such as that defendants engaged in dumping large amounts of debris of big cactuses near her mobile park residence unit. She requested the court order demolition of the mobile park's hazardous surveillance system. She also requested relief from the claim presentation requirement. She further requested that she be assigned a public attorney and that her case be reassigned back to the Torrance Court.

On August 16, 2021, N&K respondents filed a demurrer to the SAC. They once again argued the entire SAC failed to state facts constituting a cause of action and was "uncertain, ambiguous and unintelligible."

On August 20, 2021, respondent City and Megeff filed a demurrer to the SAC for failure to state facts sufficient to state a valid cause of action, failure to allege compliance with or excusal from the claim presentation requirements, and statutory immunity from suit.

---

[3]    Again, the City of Torrance was not a named defendant.

On September 20, 2021, the court sustained the demurrer filed by respondent City and Megeff without leave to amend. On September 23, 2021, judgment was entered dismissing "on the merits, with prejudice, . . . in favor of" the City and Megeff.

On October 15, 2021, the court sustained the demurrer of N&K respondents. The court ruled it "has afforded [appellant] multiple opportunities to amend the complaint and has raised similar defects in the pleadings in prior rulings. The overall import of [appellant's] [c]omplaints is that someone associated with her mobile home park is directing radiation at her and impeding her ability to defend herself against this radiation. Many of the persons that she has brought into this case have no apparent duty to defend against such radiation. Her theories appear improbable, but the truth of them must be accepted at demurrer unless they are judicially noticed to be impossible. While [appellant's] theories approach that threshold, they do not cross it. If a party that owes her a duty is directing radiation against her, there could be a breach of duty. Despite numerous attempts, [appellant] has failed to specifically identify the person and the associated duty. The court will give her one last opportunity to do so by giving leave to amend within 20 days." (Some capitalizations omitted.)

On November 9, 2021, N&K respondents filed an ex parte application for an order of dismissal and entry of judgment in their favor, as appellant failed to timely file a third amended complaint within the court-ordered time frame of 20 days. That same date, appellant filed opposition to the ex parte application.

On November 15, 2021, the court granted the ex parte application and entered judgment in favor of N&K respondents. Appellant's entire action was dismissed with prejudice as to N&K respondents.

On November 19, 2021, appellant filed a timely notice of appeal from the court's November 15, 2021 judgment in favor of N&K respondents.

D. *Ex Parte Application to Vacate the Judgment Entered on November 15, 2021*

On November 29, 2021, appellant filed an ex parte application to vacate the November 15, 2021 judgment. She stated she was put on "two consecutive 5150 Hold[s] by Torrance Police Officer(s) . . . till she will admit that there are NO laser beams radiations impinged on [her]." She also "cannot travel long distances; nor round trips over 50 mil[es]; that prevents [her] from appearance in Burbank court in person . . . and [she] cannot argue over the phone since [she] is not an attorney." She stated this was why she was unable to prepare the third amended complaint.

On December 10, 2021, N&K respondents filed opposition to the ex parte application, arguing that appellant's request provided "no legal basis for the ex parte or the relief requested." They also referred to the fact that appellant had filed on November 9, 2021 her opposition to N&K respondents' ex parte request and did not mention she was detained by the authorities on a 5150 hold.

On December 13, 2021, following argument, the court denied appellant's ex parte application to vacate the November 15, 2021 judgment.

On December 17, 2021, appellant filed a notice of appeal from the court's December 13, 2021 order.

E.      *Appellant's Ex Parte Application to Invalidate Her Lease Agreement and Preserve Her Rights*

On January 14, 2022, appellant filed an ex parte application for an order "to preserve [her] Federal Constitution and Due Process Rights," to set aside or vacate the court's July 27, 2021 order "as ruled without jurisdiction," and to deem as "invalid" her lease agreement because "a lease agreement cannot be made with DBA named party, in which such is invalidate the lease agreement; and when the landlord is not identified in the agreement."

On January 28, 2022, the court denied appellant's January 14, 2022 ex parte application.

On February 1, 2022, appellant filed a notice of appeal from the court's January 28, 2022 order.

**DISCUSSION[4]**

We are mindful appellant represents herself on appeal; however, she "is to be treated like any other party and is entitled to the same, but no greater consideration than other litigants and attorneys." (*Barton v. New United Motor Manufacturing, Inc.* (1996) 43 Cal.App.4th 1200, 1210; see *Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984–985.) She is thus bound to follow fundamental rules of appellate review, including: "[I]t is a fundamental principle of appellate procedure that a trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed

---

[4] Appellant has filed five requests for judicial notice. We deny all five requests, as follows.

Appellant's March 2, 2022 request asks us to take judicial notice of two letters she received from the California Department of General Services. Appellant's May 9, 2022 request asks us to take judicial notice of an exhibit list of 80 exhibits she claims to have filed during the proceedings below. Appellant's May 12, 2022 request asks us to take judicial notice of multiple emails she sent to the Skyline Mobile Park management and others. Appellant's May 16, 2022 request asks us to take judicial notice of a letter dated May 12, 2022 from the Institute of Brain and Spine Surgery that states appellant had surgery on April 26, 2022 at the Torrance Memorial Medical Center. Finally, appellant's June 29, 2022 request asks us to take judicial notice of an email she sent to Judge Kralik.

Appellant provides no legal or factual support for her requests and we fail to see how the documents are relevant to the issues before us on appeal.

10

an error that justifies reversal of the judgment." (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609.) " 'All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown.' " (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564 (*Denham*).) To overcome this presumption, an appellant must provide a record that allows for meaningful review of the challenged order. (*Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 187 (*Foust*).)

Our review of the merits of this appeal is severely hampered by appellant's noncompliance with rules of appellate practice and procedure, as well as the California Rules of Court. Appellant's opening brief is confusing, difficult to follow, and at times indecipherable. Appellant fails to present adequate legal discussion and cogent argument which refers to relevant evidence and the appellate record in general. Not once does she cite to the 8,000-page record before us. It is not our duty to scour the record on our own in search of supporting evidence. (*Sharabianlou v. Karp* (2010) 181 Cal.App.4th 1133, 1149.) Further, appellant makes general contentions, including undeveloped assertions of error. This results in forfeiture.

To the extent we can, we address what appears to be appellant's main arguments on appeal.

First, appellant argues exhibits 1–53 and the administrative proceedings "are [k]ey and absolutely necessary to the Legal validity and understanding of the [SAC]." (Italics omitted.) She argues that "the Superior Court of California County of Los Angeles Civil Appeals Unit sent [her] a Surprise / a Shock, two Exhibit(s) Letter . . . [w]hich gave a Judicial Notice of the Superior Court of California proceedings that took place and

11

failed to process [her] Designated Exhibits on Appeal and Designated Administrative proceedings on Appeal." (Boldface and italics omitted.) She then quotes a letter where the Civil Appeals Unit notified her that there is "**no record of these exhibits in the court file** or the exhibit room." She claims this is an "abuse of power, in false, in violation of the Federal Constitution and Due Process Rights (1st; 2nd; 4th; 5th; 14th; 15th; 16th; Amendments Constitution)."

We do not know to which administrative proceedings appellant refers, as she does not identify such proceedings in her brief nor does she cite to any part of the record that discusses administrative proceedings which occurred before the underlying court proceedings. Nevertheless, even if a record of administrative proceedings were before us, it would be of no help to her on appeal, as she has not made any argument with respect to the court's November 15, 2021 order granting N&K respondents' ex parte application to enter judgment in their favor. She has similarly not made a single argument on appeal as to the court's underlying order sustaining the N&K respondents' demurrer to the SAC, nor has she presented us with amendments she plans to include in any third amended complaint that may cure the defects of the SAC. (See *Dudek v. Dudek* (2019) 34 Cal.App.5th 154, 163.) "Issues do not have a life of their own: if they are not raised or supported by [substantive] argument or citation to authority, we consider the issues waived." (*Jones v. Superior Court* (1994) 26 Cal.App.4th 92, 99; see also *Landry v. Berryessa Union School Dist.* (1995) 39 Cal.App.4th 691, 699–700 ["When an issue is unsupported by pertinent or cognizable legal argument, it may be deemed abandoned and discussion by the reviewing court is unnecessary."].)

Appellant claims she has suffered constitutional violations under the 1st, 2nd, 4th, 5th, 14th, 15th, and 16th amendments without citing legal authority to support her argument. (*United Grand Corp. v. Malibu Hillbillies, LLC* (2019) 36 Cal.App.5th 142, 165, fn. 6 (*United Grand Corp*).) [we may disregard conclusory arguments that are not supported by pertinent legal authority or fail to disclose the reasoning by which the appellant reached the conclusions he wants us to adopt].) A reviewing court has no obligation to "develop appellants' argument for them." (*In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 830; see also *Pizarro v. Reynoso* (2017) 10 Cal.App.5th 172, 179–181; see *Ellenberger v. Espinosa* (1994) 30 Cal.App.4th 943, 948 ["We are not required to make an independent, unassisted study of the record in search of error [in] a trial court's action."].) She has forfeited this contention.

Second, appellant claims the "Court of Appeal practice Court Proceedings that violated . . . Code of Civil Procedure sections 585(b), 585(c), 989, etc.; and in false, bias, unfair, misconduct, and violated my Federal Constitution and Due process rights; kept / preserved an open place for the DOJ A.G. Rob Bonta to file Demurrer to the 2AC . . . and the Court of Appeal placed the City of Torrance (a local Government) and its Attorney Litvin, on the Court of Appeal docket, as a decoy to preserve the Defaulted DOJ A.G. Rob Bonta rights to appeal."

We are uncertain what appellant is arguing here. To the extent she claims the City of Torrance was not a proper defendant in the trial court and not a proper respondent on appeal, the City of Torrance clarified in its October 1, 2020 demurrer that appellant's original complaint "[e]rroneously sued and served [the] Torrance Police Department [and] Department

13

of Mental Health" and that the proper defendant is respondent City. Moreover, appellant raised this very issue in her September 25, 2020 motion to disqualify the City from representing the defendants she had identified as Torrance Police Department, the Department of Mental Health, and Megeff. As already noted, we were not provided a copy of appellant's motion and the opposition filed by respondent City. Error must be affirmatively shown; all intendments and presumptions are indulged to uphold the judgment on matters as to which the record is silent. (*Denham*, *supra*, 2 Cal.3d at p. 564.) Her failure to provide a record that allows for meaningful review results in waiver and forfeiture of her claim. (*Foust*, *supra*, 198 Cal.App.4th at p. 187.)

Third, she argues the "Trial Judge in bias, unfair, misconduct dismissed Defendant 6 (The Management of Skyline Park), and in bias, misconduct, alleged [she] was the one [who] requested it." The November 15, 2021 judgment of dismissal from which appellant appeals pertains only to the N&K respondents—namely, N&K Commercial Property, Inc., Ken Miyake, Victor Guzman, and Manuel Guzman. It does not pertain to the Skyline Park Management party to which appellant refers. The other two orders appealed from—i.e., the December 13, 2021 order denying appellant's ex parte application to vacate the November 15, 2021 judgment, and the January 28, 2022 order denying appellant's ex parte application to invalidate her lease agreement—similarly have nothing to do with dismissal of the Skyline Park Management party. Appellant has failed to cite to any page in the record to demonstrate otherwise. She has not affirmatively shown error. This issue is not properly before us.

14

Fourth and finally, appellant argues "Judge Tanaka in Torrance Courthouse . . . [r]eassigned [this matter] from Torrance Courthouse to Burbank far away from [her] house, and from Torrance city where [she] live[s], where the wrong done to [her] took place, and where [her] old witnesses live." She contends the "entire Judges of the Torrance Courthouse . . . refuse [her] at their courtrooms, and while [she] contributed to Torrance for nearly 40 years." She claims the "Judges (Kralik/Jessner) failed to address [her claims and] deepened the Defamation of [her] Character by publicly spread[ing] the Defamation of [her] Character . . . vocally that the Judges in Torrance Courthouse DO NOT want me in his courtroom; and the reason for the transfer to Burbank Court house."

We do not know what appellant refers to as a "defamation of character." She has not coherently explained what she means and has not referenced or cited to the 8,000-page record to assist us in understanding her claim. To the extent she contests the September 30, 2020 order reassigning her case to the Burbank Courthouse following a recusal by Judge Gary Y. Tanaka at the Torrance Courthouse, appellant has forfeited this argument because she has not cited authority or adequately discussed her contention. Appellant has not provided a statement of the facts surrounding Judge Tanaka's recusal from the case, nor has she cited to the record to enable us to ascertain the underlying facts. Appellant's failure to provide cogent legal discussion and reference to the record for support results in forfeiture of her argument. (*United Grand Corp.*, *supra*, 36 Cal.App.5th at p. 165, fn. 6 [we may disregard conclusory arguments that are not supported by pertinent legal authority or fail to disclose the

15

reasoning by which the appellant reached the conclusions he wants us to adopt].)

## DISPOSITION

We affirm the November 15, 2021 judgment and the court's orders made on December 13, 2021 and January 28, 2022. Respondents are awarded costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

STRATTON, P. J.

We concur:

GRIMES, J.

VIRAMONTES, J.

16