Filed 10/5/23  Said v. Cedars-Sinai Medical Group CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| ALBER SAID, | |
| Plaintiff and Appellant, | E078873 |
| v. | (Super.Ct.No. CVRI2103263) |
| CEDARS-SINAI MEDICAL GROUP et al., | OPINION |
| Defendants and Respondents. | |

APPEAL from the Superior Court of Riverside County.  Chad W. Firetag, Judge.  Affirmed.

Alber Said, in pro. per., for Plaintiff and Appellant.

Cole Pedroza, Kenneth R. Pedroza, Cassidy Davenport, Nayri Jilizian; La Follette, Johnson, De Haas, Fesler & Ames, Dennis K. Ames, Michael J. Doubet, and Carter R. Taylor for Defendants and Respondents.

1

Plaintiff and appellant Alber Said (Said) appeals the dismissal of his complaint filed against defendants and respondents Stuart H. Kuschner, M.D. (Kuschner) and Cedars-Sinai Medical Group (CSMG). Kuschner had provided an expert declaration in a medical malpractice lawsuit filed by Said against another surgeon, Vir Prabhu Dhalla, M.D. (Dhalla). Said's case against Dhalla was dismissed on a motion for summary judgment. Said subsequently filed a complaint against Kuschner and CSMG, as Kuschner's employer, alleging fraud and discrimination pursuant to 42 U.S.C. § 1983 (Complaint).

Kuschner and CSMG (collectively, Defendants) failed to file a response to the Complaint and Said obtained a clerk's default judgment in his favor. Defendants' motion for relief from default was granted based on Said's failure to properly serve the Complaint. Defendants filed a demurrer to the Complaint and an anti-SLAPP motion under Code of Civil Procedure section 425.16 contending that Said's claims were barred based on the litigation privilege in Civil Code section 47, subdivision (b). The trial court granted the anti-SLAPP motion, found the demurrer was moot and dismissed the Complaint.

On appeal, Said's claims are not entirely clear. It appears Said is arguing that the trial court erred by granting Defendants' motion to set aside default under Code of Civil Procedure section 473.5. Said also appears to contend the trial court erred by granting Defendants' anti-SLAPP motion under Code of Civil Procedure section 425.16 but such argument is not clear.

2

# FACTUAL AND PROCEDURAL HISTORY

## A.    ORIGINAL MEDICAL MALPRACTICE CASE

On January 22, 2018, Said filed his medical malpractice action against Dhalla. Said's causes of action, which included intentional and negligent misrepresentation, battery, negligence, and medical malpractice, were all based on his claim that he had consulted with Dhalla regarding numbness and pain in his left arm and was diagnosed with ulnar nerve entrapment. Dhalla recommended cubital tunnel release surgery but advised Said that the surgery would likely not completely remedy the issues; however, it would prevent any further damage. Said alleged the surgery was conducted on June 29, 2015. Said further alleged that his ulnar nerve was damaged during the surgery and he continued to have pain and numbness.

Dhalla filed a motion for summary judgment and submitted the expert declaration of Kuschner to support his claims that dismissal of the malpractice action was warranted. Kuschner submitted an expert declaration declaring he was a board-certified orthopedic surgeon specializing in hand surgery. He practiced at CSMG. Kuschner had reviewed all of Said's medical records. Kuschner outlined the standard of care and found that Dhalla had complied with the applicable standard of care in his treatment of Said. There were no mistakes in the surgery and Dhalla had provided proper medical consultation prior to the surgery. Kuschner also concluded that the surgery did not cause any injury to Said.

On August 5, 2019, Dhalla's motion for summary judgment was granted by the trial court and judgment was entered in favor of Dhalla. Said did not appeal the judgment.

3

B.     COMPLAINT AND SERVICE

On July 21, 2021, Said filed the Complaint against Kuschner and CSMG, as Kuschner's employer, alleging fraud and discrimination pursuant to 42 U.S.C. 1983. Said alleged that the declaration provided by Kuschner was "under fraud; and under Discrimination category." Said detailed the false statements that he alleged Kuschner made in his declaration. Said attached to the Complaint the declaration prepared by Kuschner for Dhalla's lawsuit. Said provided his own medical records.

A proof of service of the summons and the Complaint was filed by Said on September 10, 2021. Said claimed to have mailed the Complaint to Defendants on August 9, 2021. Said did not attest that notices of acknowledgment of receipt of the Complaint (Acknowledgments) were served with the Complaint and did not provide these to the court. He also did not provide proof of personal or substituted service. When Defendants did not respond to the Complaint, Said mailed them a request for entry of default and clerk's judgment, which Defendants received. The default judgment was rejected by the clerk of the court finding that the cause of action for fraud did not fall under a clerk's judgment. Counsel for Defendants advised Said on November 10, 2021, that Defendants intended to respond to the Complaint and sent two Acknowledgments signed by Kuschner and CSMG, to Said, which were dated November 10, 2021. Kuschner and CSMG attempted to file the Acknowledgments with the trial court but they were rejected.

Despite hearing from Defendants' counsel, Said again filed a request for entry of default and court judgment on November 12, 2021. The clerk entered default on

4

November 12, 2021.  Said had alleged in the request that he had properly served the Complaint on August 9, 2021, and the time for a response had passed on September 7, 2021.

On December 3, 2021, Defendants filed their motion for relief from default (default motion).  The default motion was brought pursuant to Code of Civil Procedure section 473.5, subdivision (a), as Said failed to properly effectuate service.  Defendants argued in the alternative that the default motion should be granted based on excusable neglect or mistake.  Defendants contended that Said mailed the Complaint but failed to include the required Acknowledgments.  No personal or substituted service was completed.  Kuschner had received Said's request for entry of default that was mailed on October 26, 2021; Defendants had not received the Complaint.  On November 10, 2021, counsel for Defendants contacted Said and advised that Defendants would be filing a response to the Complaint.  In addition, Kuschner's and CSMG's Acknowledgments were prepared by counsel and sent to Said.  Said refused to stipulate to set aside the default.  Defendants insisted the default judgment should be set aside because they were not properly served with the Complaint as Said failed to include the requisite Acknowledgments as required by Code of Civil Procedure section 415.30, subdivision (a).  Defendants argued the service date should be considered November 10, 2021, which was the date Defendants returned Acknowledgments to Said.

Said filed opposition to the default motion arguing that he properly served Defendants and they did not respond timely.  For the first time, he insisted he also effectuated substituted service within the meaning of Code of Civil Procedure section

5

415.20, subdivision (b), in addition to mailing the Complaint. Said once again provided the proofs of service along with the certified mail receipts, but did not include that he served the Acknowledgments on Defendants.

Defendants filed a reply to the opposition. Said had not properly shown that he had completed substituted service as he only alleged that he mailed the Complaint. He did not allege that he left a copy of the Complaint at the office or home address of Kuschner or CSMG. Said filed another response. He, for the first time, provided a declaration from Georgette Said that she personally took the Complaint to the mailing address of Defendants and left it at the front desk or reception. She did not put this information on the proof of service.

The matter was heard on January 4, 2022. No court reporter was present. The trial court tentatively ruled that the default motion was granted. The trial court noted that Code of Civil Procedure section 473.5 provided for relief from default if actual notice was not received by a party in time to defend the action. The trial court noted the proof of service stated that service was by mail. Said in his response did not dispute that he failed to provide Acknowledgments with the Complaint but contends substitute service was made. No statement or proof of service showed substitute service had been made.[1] The fact that Defendants eventually received notice of the Complaint was irrelevant. The trial court found that service of the Complaint was improper. Further, the trial court

---

[1] Defendants objected to Said's sur-reply to their response to the opposition, which included Georgette Said's declaration; the trial court stated it had not considered it in reaching its ruling.

6

would grant the default motion based on excusable neglect. It adopted its tentative ruling.

C.    DEMURRER AND ANTI-SLAPP MOTION

On January 11, 2022, Defendants filed an anti-SLAPP motion to strike the Complaint because it was based on statements made by Kuschner in a judicial proceeding, which qualified as protected activity under Code of Civil Procedure section 425.16, subdivision (b). Kuschner had absolute immunity for the statements he made in the judicial proceeding involving Dhalla. Moreover, Said's claims failed on the merits as the statements were protected under the litigation privilege of Civil Code section 47, subdivision (b).

Defendants filed their demurrer to the Complaint on January 11, 2022. They argued that the allegations of fraud, perjury and discrimination were derived from protected statements made during a court proceeding and were protected under the litigation privilege of Civil Code section 47, subdivision (b).

Said filed a response contending that the anti-SLAPP motion and the demurrer were untimely as Defendants had been properly served and had not responded. Further, Defendants were not protected from suit under Code of Civil Procedure section 47, subdivision (b), because Kuschner's declaration was based on false evidence and testimony.

Defendants filed a response stating that the trial court had given them leave to file a responsive pleading to the Complaint 30 days from January 4, 2022, and the trial court had already found service of the Complaint had been improper. Defendants also argued

that Said had failed to show that the allegations in the Complaint did not arise from protected activity.

D.       <u>TRIAL COURT RULING ON THE ANTI-SLAPP MOTION AND DEMURRER</u>

The trial court issued a tentative ruling on March 9, 2022. It advised the parties that court reporters would not be available if a hearing was requested. The trial court tentatively found that despite Said's claim the Complaint was not based on Kuschner's declaration, but rather based on fraud and discrimination, it was clear that the causes of action were based on the declaration. The trial court concluded that Defendants had met their burden of demonstrating that the Complaint arose from the exercise of free speech or petitioning rights as defined in Code of Civil Procedure section 425.16, subdivision (e), and Said failed to demonstrate a probability of prevailing on his causes of action as the claims were all based on statements that were covered by the litigation privilege of Civil Code section 47, subdivision (b). The trial court found that the basis for the causes of action were the statements made by Kuschner in his declaration. The matter was called for hearing and the trial court adopted the tentative ruling. Defendants were awarded fees pursuant to Code of Civil Procedure section 425.16 in the amount of $2,500. The trial court also concluded that the grant of the anti-SLAPP motion rendered the demurrer moot.

The trial court signed the order granting Defendants' anti-SLAPP motion on March 29, 2022; the order was filed on April 11, 2022. Said filed a notice of appeal on April 19, 2022. On May 5, 2022, the trial court signed the order of judgment against Said

8

and awarding the $2,500 in attorney's fees to Defendants.  Notice of entry of judgment was served on May 13, 2022.  Said filed an amended notice of appeal on May 16, 2022.  Said checked the boxes indicating that he was appealing the default judgment; judgment of dismissal after an order sustaining a demurrer; and cited to Code of Civil Procedure sections 585, 586, 415.20(b), 47(c), 425.16 and 446.  Said requested both the clerk's transcript and the oral proceedings.  No reporter's transcripts appear in the record.[2]

## DISCUSSION

### A.    RELIEF FROM DEFAULT

Although it is difficult to discern the argument raised by Said, it does appear that he is claiming that the trial court erred by granting the default motion.  Said's claim fails as he has not provided any intelligible argument or legal authority to support the claim.  Moreover, even if we exercise our discretion to consider the claim on the merits, it lacks merit.

### 1.    *WAIVER*

" '[A]n appealed judgment is presumed correct, and appellant bears the burden of overcoming the presumption of correctness.' " (*Hearn v. Howard* (2009) 177 Cal.App.4th 1193, 1207; see also *Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852.)  "[A]n appellant has a duty to make a 'cognizable argument on appeal as to why the trial court abused its discretion in denying the motions.' "

---

[2]  Said attached to his opening brief a notice from the clerk of the superior court that the hearings held on March 9, 2022, and January 4, 2022, could not be transcribed as there was no court reporter present.

(*Hernandez v. First Student, Inc.* (2019) 37 Cal.App.5th 270, 277.)  We "may disregard conclusory arguments that are not supported by pertinent legal authority or fail to disclose the reasoning by which the appellant reached the conclusions he wants us to adopt."  (*City of Santa Maria v. Adam* (2012) 211 Cal.App.4th 266, 287.)  "It is not our place to construct theories or arguments to undermine the judgment and defeat the presumption of correctness."  (*Benach*, at p. 852.)  "When a brief fails to contain a legal argument with citation of authorities on the points made, we may 'treat any claimed error in the decision of the court . . . as waived or abandoned.' "  (*Ellenberger v. Espinosa* (1994) 30 Cal.App.4th 943, 948.)

Here, Said simply recites the facts of the case and in conclusory fashion states that the trial court erred by granting the default motion.  In addition, he has provided no legal authority other than randomly cited statutes.  Accordingly, Said has waived any claim on appeal that the trial court erred by granting the default motion.

        2.    *MERITS*

We briefly consider the argument on the merits as it is easily resolved without an extensive review of the record.  The trial court properly granted the default motion based on Said's failing to properly serve the Complaint.

Code of Civil Procedure section 473.5, subdivision (a) provides, "When service of a summons has not resulted in actual notice to a party in time to defend the action and a default or default judgment has been entered against him or her in the action, he or she may serve and file a notice of motion to set aside the default or default judgment and for leave to defend the action."  "[C]ompliance with the statutory procedures for service of

process is essential to establish personal jurisdiction. [Citation.] Thus, a default judgment entered against a defendant who was not served with a summons in the manner prescribed by statute is void." (*Dill v. Berquist Construction Co.* (1994) 24 Cal.App.4th 1426, 1444.)

Code of Civil Procedure section 415.10 provides in part, "A summons may be served by personal delivery of a copy of the summons and of the complaint to the person to be served. Service of a summons in this manner is deemed complete at the time of such delivery." Section 415.20, subdivision (a) provides, "In lieu of personal delivery of a copy of the summons and complaint, . . . a summons may be served by leaving a copy of the summons and complaint during usual office hours in his or her office or, if no physical address is known, at his or her usual mailing address, . . . with the person who is apparently in charge thereof, and by thereafter mailing a copy of the summons and complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left. . . . Service of a summons in this manner is deemed complete on the 10th day after the mailing." Code of Civil Procedure section 415.30, subdivision (a) provides for service by mail as follows: "A summons may be served by mail as provided in this section. A copy of the summons and of the complaint shall be mailed (by first-class mail or airmail, postage prepaid) to the person to be served, together with two copies of the notice and acknowledgment provided for in subdivision (b) and a return envelope, postage prepaid, addressed to the sender."

Said's service by mail was not effective. As stated, section 415.30, subdivision (a), provides that in order to properly serve a summons and complaint by mail, it must be

11

accompanied by a written notice of acknowledgment of receipt, which is to be returned by the party who was served. There is no effective service by mail if the acknowledgment is not signed and returned.[3] (*Thierfeldt v. Marin Hospital District* (1973) 35 Cal.App.3d 186, 199.) Here, Said never provided the Acknowledgments to Defendants. As such, service by mail was not effective service. Since Defendants were not properly served, the trial court properly granted the default motion.

Further, even if Defendants were aware of the Complaint, that did not substitute for proper service. "Actual notice of the action alone, however, is not a substitute for proper service and is not sufficient to confer jurisdiction." (*American Express Centurion Bank v. Zara* (2011) 199 Cal.App.4th 383, 392.) Although Defendants became aware of the Complaint in October 2021 this did not confer jurisdiction for the default judgment. Moreover, Said insisted the time had passed for filing a response on September 7, 2021, which was prior to Defendants receiving actual knowledge of the Complaint. This did not constitute proper notice to Defendants. The trial court did not err by granting the default motion.

B.     REMAINING ARGUMENTS IN THE OPENING BRIEF

It is not entirely clear what, if any, further arguments Said is raising on appeal. Said sets out the facts pertaining to the statements made by Kuschner in his declaration submitted in the litigation involving Dhalla, and concludes such statements were false.

---

[3] Subdivision (d) of Code of Civil Procedure section 415.30 provides for a remedy if the notice of acknowledgment of receipt is not returned by the person served.

12

However, he fails to provide any cogent argument as to the significance of the outlined facts and fails to provide any legal authority.

Said fails to support his statements in the opening brief with any citation to legal authority or any argument. As stated, "[T]o demonstrate error, an appellant must supply the reviewing court with some cogent argument supported by legal analysis and citation to the record." (*City of Santa Maria v. Adam, supra*, 211 Cal.App.4th at pp. 286-287.) While Said provides the background of the case and citations to the record, he fails to provide any cogent argument as to why the trial court erred by granting the anti-SLAPP motion or in finding the demurrer was moot. Further, Said fails to provide any legal authority in his opening brief. Said's failure to provide any relevant legal argument as to why the trial court erred by granting the anti-SLAPP motion waives the claim on appeal.

We decline to exercise our discretion to consider the matter on the merits as it is not entirely clear as to what Said is claiming on appeal and would require this court to make arguments on behalf of Said. " 'An appellate court is not required to examine undeveloped claims, nor to make arguments for parties.' " (*DeNike v. Mathew Enterprise, Inc.* (2022) 76 Cal.App.5th 371, 388, fn. 11; see also *Benach v. County of Los Angeles*, *supra*, 149 Cal.App.4th at p. 852.) Any additional claims raised in the opening brief have been waived.

## DISPOSITION

The judgment is affirmed.  Respondents are awarded their costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1).)

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER _____<br>Acting P. J.

We concur:

FIELDS _____<br>J.

MENETREZ _____<br>J.