Filed 7/12/24  Woods v. Dept. of Housing & Community Development CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| NIRA WOODS,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT, et al.,<br><br>    Defendants and Respondents. | B330779<br><br>(Los Angeles County<br>Super. Ct. No. 20TRCV00564) |

APPEAL from a judgment and orders of the Superior Court of Los Angeles County, John J. Kralik, Judge.  Affirmed.

Nira Woods, in pro. per., for Plaintiff and Appellant.

Rob Bonta, Attorney General, Jodi L. Cleesattle, Assistant Attorney General, Bruce D. McGagin and Jamil R. Ghannam, Deputy Attorneys General for Defendants and Respondents State of California by and through the Department of Housing and Community Development, Richard Weinart, Kim Borden and Edwin Galindo.

Jeanne-Marie K. Litvin, Deputy City Attorney, for Defendants and Respondents City of Torrance and Jon Megeff.

Nira Woods (appellant) filed three notices of appeal: the first on June 22, 2023 from the trial court's order of June 16, 2023 denying a motion for protective order; the second on June 26, 2023; and the third on July 17, 2023 from an order of dismissal dated July 14, 2023 and ensuing judgment. On September 19, 2023, this court dismissed the appeal filed June 26, 2023. We address the remaining notices of appeal in this opinion.

Appellant makes numerous arguments on appeal. We do not address any of the arguments. We deem them forfeited or waived because appellant did not provide sufficient legal authority and citation to the record on appeal to support her contentions.

We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On August 11, 2020, appellant initiated the underlying matter by filing a civil complaint against 20 defendants. After two rounds of demurrers, plaintiff filed a second amended complaint on July 26, 2021 against 15 defendants.

The second amended complaint alleges causes of action for injunction, invasion of privacy, violation of freedom to practice religion, hate crimes, false imprisonment, endangerment, fraud, actionable fraud, constructive fraud, actual fraud, violation and infringement of a lease agreement dated April 1, 2003.

The content of the second amended complaint is confusing and difficult to discern. It alleges appellant has an interdisciplinary Ph.D. from Tel Aviv University in engineering, physics, and mathematics. She is the lessee of private land identified as unit 68 of the Skyline Mobile Park located in Torrance, California. She signed a lease agreement with the

management of Skyline Mobile Park on April 1, 2003. In 2013, unspecified defendants amended the Local Rules and Regulations, which breached and violated her lease agreement.[1] Unspecified defendants authorized, created, and used the "digitally searchable Database created by Hazardous Surveillance CCTV System" over the public internet, and that CCTV system included lasers and infrared antenna sources with energy beams that radiate her body. The second amended complaint goes on to allege other actions involving the Skyline Mobile Park.

Appellant entitled the second amended complaint as "The 2AC" and "Amendments to the Operative Complaint" to include "*Additional* Facts," for example, unspecified defendants engaged in dumping large amounts of debris of big cactuses near her mobile park residence unit. She requested the court order demolition of the mobile park's hazardous surveillance system. She requested relief from the claim presentation requirement. She further requested that she be assigned a public attorney and that her case be assigned to the Superior Court in Torrance where it was originally filed.

Eventually the trial court sustained separate demurrers to the second amended complaint without leave to amend and entered judgment in favor of defendants N&K Commercial Property, Inc. (N&K), Ken Miyake, Manuel Guzman, Victor Guzman, the City of Torrance's Department of Mental Health, the City of Torrance's Police Department, and its deputy chief

---

[1] For instance, appellant alleged N&K falsely replaced the management "of" Skyline Mobile Park with management "for" Skyline Mobile Park, constituting fraud in her lease agreement.

Jon Megeff.  We affirmed the trial court on appeal.  (*Woods v. Guzman* (Sept 28, 2023, B317221, B318393) [nonpub. opn.].)

Respondents herein filed demurrers to the operative complaint.  By order dated July 14, 2023, the trial court sustained the demurrers without leave to amend.

## DISCUSSION

We are mindful appellant represents herself on appeal; however, she "is to be treated like any other party and is entitled to the same, but no greater consideration than other litigants and attorneys." (*Barton v. New United Motor Manufacturing, Inc.* (1996) 43 Cal.App.4th 1200, 1210; see *Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984–985.)  She is bound to follow fundamental principles of appellate review, including "a trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment." (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609.)  " 'All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown.' " (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.)  To overcome this presumption, an appellant must provide a record that allows for meaningful review of the challenged order.  (*Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 187.)

Our review of the merits of these appeals is severely hampered by appellant's noncompliance with rules of appellate practice and procedure, as well as the California Rules of Court.  Appellant's opening brief is confusing, difficult to follow, and at times indecipherable.  Appellant fails to present adequate legal

4

discussion and cogent argument which refers to relevant evidence and the appellate record in general. Not once does she cite to the over 9,600-page record before us. It is not our duty to scour the record on our own in search of supporting evidence. (*Sharabianlou v. Karp* (2010) 181 Cal.App.4th 1133, 1149.) Further, appellant makes general contentions, including undeveloped assertions of error. This results in forfeiture.

Appellant has made no intelligible contentions about the court's order sustaining the demurrer without leave to amend. "Issues do not have a life of their own: if they are not raised or supported by [substantive] argument or citation to authority, we consider the issues waived." (*Jones v. Superior Court* (1994) 26 Cal.App.4th 92, 99; see also *Landry v. Berryessa Union School Dist.* (1995) 39 Cal.App.4th 691, 699–700 ["When an issue is unsupported by pertinent or cognizable legal argument, it may be deemed abandoned and discussion by the reviewing court is unnecessary."]; *United Grand Corp. v. Malibu Hillbillies, LLC* (2019) 36 Cal.App.5th 142, 165, fn. 6 [we may disregard conclusory arguments that are not supported by pertinent legal authority or fail to disclose the reasoning by which the appellant reached the conclusions he wants us to adopt].) A reviewing court has no obligation to "develop appellants' argument for them." (*In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 830; see also *Pizarro v. Reynoso* (2017) 10 Cal.App.5th 172, 179–181; see *Ellenberger v. Espinosa* (1994) 30 Cal.App.4th 943, 948 ["We are not required to make an independent, unassisted study of the record in search of error [in] a trial court's action."].)

We are simply uncertain what appellant is contending. Error must be affirmatively shown. Her issues are not properly before us.

## DISPOSITION

We affirm the orders and judgment of the trial court. Respondents are awarded costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

STRATTON, P. J.

We concur:

GRIMES, J.

VIRAMONTES, J.